## ARMSTRONG *vs.* PERCY.

The *measure of damages* in an action brought for a breach of an implied *warranty of title* in the sale of a horse is the *price* paid, the *interest* thereon, and the *costs* recovered against the purchaser or his vendee in case of a suit by the owner and notice to the vendor; the costs of the *defence* are not recoverable.

Notwithstanding that a cause is not strictly referable, still, if it be referred by consent of parties, the court will hear objections to the report of referees, if the action be of that species in which references are usually ordered.

Evidence resting in *records* will be received *in bank* to supply defective proof at the trial.

Questions as to the competency of witnesses.

REPORT of referees. Armstrong sued Percy in an action of *assumpsit* for failure of title to a horse sold to him by Percy. The cause was referred by *consent* of parties to referees. On the hearing, the following facts appeared : In August, 1825, the plaintiff bought a horse of the defendant and gave him in payment $55 in cash, and a horse valued at about $85. In March, 1827, the plaintiff sold the horse he purchased of the defendant, together with another, to one A. Milligan, and took his notes for $225. In May following, the horse bought of the defendant was taken by one Gordon from the possession of Milligan, by virtue of a writ of *replevin*. A claim of property was interposed, the plaintiff and the defendant in this suit attended on the inquiry before the sheriff; the jury found the property to be in Gordon, the plaintiff in the replevin suit, and Percy expressed his satisfaction with the finding. The replevin suit was prosecuted to judgment, and Gordon recovered $72,32 for *damages* and $33,95 *costs*, which sums, together with $19,50, the costs of the defence, were paid by *Milligan*. Armstrong settled with Milligan by giving up his notes for $225, and paying him

ALBANY,
October, 1830.

Armstrong
v.
Percy.

$20 in cash, and claimed of the referees a report in his favor for the amount of the original consideration paid Percy, and for the damages and costs recovered against and paid by Milligan, which he had subsequently paid to Milligan in the manner above stated. The defendant insisted that the measure of damages was the price of the horse with the interest thereof, deducting his services since the sale in 1825, and that the plaintiff was not entitled to recover the costs and expenses of the replevin suit. The referees in July, 1829, made a report in favor of the plaintiff for $275, which was now moved to be set aside, on the ground that the referees had erred in the amount of damages allowed, and also in admitting incompetent witnesses and improper testimony on the hearing ; *Gordon*, the plaintiff in the replevin suit, and *Milligan*, the vendee of the plaintiff, having been sworn as witnesses, though objected to by the defendant ; and the plaintiff having been permitted to prove by *parol* the recovery against *Milligan* and the amount thereof, although the evidence was objected to ; the defendant insisting that the record of the recovery should be produced.

*H. P. Hunt*, for the defendant.   *Gordon* and *Milligan* were incompetent witnesses, being interested in obtaining a recovery for the plaintiff.  Parol evidence of the recovery against Milligan was manifestly inadmissible.   1 *Johns. R.* 517.   7 *id.* 168, 173.   1 *Phil. Ev. ch.* 5, § 2.   2 *Starkie's R.* 364.   The referees erred in the amount of damages allowed by them ; the report being for $275, they must have allowed not only the price of the horse and interest thereon, but also the amount of the recovery against Milligan, as well as the costs paid by him in defending the suit.   This was wrong, because the *damages* assessed by the jury in the replevin suit must have been for the *use of the horse;* surely Percy is not responsible on that account, while the horse was in the possession of the plaintiff and of Milligan.   The plaintiff is not entitled to recover beyond the price paid and interest.   3 *Esp. R.* 83.   1 *Taunton*, 566.

*J. L. Wendell*, for plaintiff.   This not being a referable case, the action being brought to recover damages for a

breach of warranty, the court will not listen to objections to the report of the referees, but leave the defendant to his remedy, as in cases of *arbitration.* 1 *Johns. R.* 315, 492. If, however, the motion is entertained, it is then insisted that Gordon and Milligan were competent witnesses, they having no *interest* whatever in the event of the cause. The *parol* proof of the recovery against Milligan was defective ; but it is now cured by the production of the *record* in the suit against him. As to the measure of damages : The price paid and the interest thereon it is conceded the plaintiff was entitled to recover ; the costs of the action against Milligan also constituted a proper item of damage. 7 *Taunton,* 152. And if so, why not the costs of the defence ? As to the *damages* in the recovery against Milligan, which probably were allowed by the referees : the plaintiff actually sustained injury to the amount of the report in consequence of the want of title to the horse in the defendant, and whether he reapt any benefit from the *use* of the horse from the time of the sale until he was taken by his owner, the court will not presume ; he may have been an expense instead of benefit.

*Hunt,* in reply. Although a case is not referable, if by consent of parties a reference is had in an action in which there may be accounts, the court will not hear the objection that the cause is not referable. 18 *Johns. R.* 26.

*By the Court,* MARCY, J. To the motion in this case on the part of the defendant to set aside the report of referees on the merits, it is urged as a preliminary objection that the matter in controversy was not referable under the statute. The action is *assumpsit,* in which the plaintiff claims damages in consequence of the failure in the title to a horse purchased of the defendant. The action is such in which a reference is usually ordered by the court; but it is quite evident we should not have ordered it in this case, because the action could not have involved the investigation of long accounts. The case of *Harris* v. *Bradshaw,* 18 *Johns. R.* 26, is a clear authority however for us to say, that as it is a species of action

ALBANY,
October, 1830.

Armstrong
v.
Percy.

in which there might have been a reference, we will not hear the parties allege against their agreement and acts that it was not a proper case for a reference. We shall therefore look into the merits of the motion.

It appears to me that the objection to Gordon and Milligan as incompetent witnesses on the ground of interest was not well taken. They had no direct interest in the result of the suit. A judgment in this cause could not be given in evidence to establish any right in either of them. Gordon's rights had been settled by a judgment against Milligan, and could not be affected by this suit; and if Milligan had a claim against the plaintiff in this suit for a failure in the title to the horse, a judgment here would not have been available to him as evidence to establish that claim. I am therefore of opinion that the referees did not err in permitting these witnesses to be examined.

But they were examined as to the amount of the recovery by the owners of the horse against Milligan. If the damages in this action were to be settled with reference to the amount of that recovery, the record was the proper evidence to establish that amount. The objection to this part of the testimony (so far as it related to the replevin suit) was well taken; but it has been removed on the argument by the production of the record. Objections of this kind have frequently been obviated in this manner, and we see no inconvenience in allowing such a course of proceeding.

The ground on which the motion for a rehearing mainly rests is the estimate of damages adopted by the referees. Where the action is for the breach of a contract and no special damages are stated in the declaration, the plaintiff is confined in his recovery to such only as naturally arise from the breach complained of; but if the damages claimed do not naturally arise from that fact, they cannot be recovered unless they are particularly stated in the declaration, and not then if they are not *proximate*. *Saund. Pl. & Ev.* 136. Consequential damages may naturally arise from the mere breach of the contract, but they often depend on the peculiar circumstances of the case. Such are allowed without being stated in the pleadings as are the fair, legal and natural

ALBANY,
October, 1830.

Armstrong
v.
Percy.

result of the breach of the defendant's agreement ; if they do not thus result, the jury cannot allow them unless they are stated in the declaration and established by proof. *Saund. Pl. & Ev.* 151. Where the action is on a warranty of title, the damages which naturally result to the purchaser is the value of the article which he loses by the failure of the title or the price he has paid for it. In the cases of *Curtis* v. *Hannay*, 3 *Esp.* 83, and *Caswell* v. *Coare*, 1 *Taunt.* 566, no special damages were set forth in the declaration ; the measure of damages therefore in those cases was the price paid for the article ; but in the case of *Lewis* v. *Peake*, 7 *Taunt.* 152, the declaration assigned as special damage, occasioned by the breach of the warranty, that the plaintiff confiding in the defendant's warranty, re-sold the horse with warranty, and was thereby subjected to pay £88 as costs, besides the price of the horse. Having given notice to the defendant that he was prosecuted on his warranty, and offered him the option to defend, (which was not accepted,) the plaintiff was allowed to recover, in addition to the price of the horse, the costs which he was subjected to pay. The principle of that case is probably correct ; but it may well be doubted whether the plaintiff here has brought himself within it. We are not furnished with the declaration, and may therefore presume that it is so framed as to allow the plaintiff to recover such special damages as by law he could in any form of declaring be entitled to recover. If the plaintiff was liable for the costs incurred in testing the title to the horse, or could have been made liable, and has in fact paid them, he may recover them of the defendant. If he has paid them without being under a legal liability to do so, it appears to me he had no just right to have them allowed to him in this cause. The extent of the plaintiff's right to damages could not be conclusively settled by the sum which he agreed to allow or had actually paid Milligan, but by the amount that Milligan could have recovered against him. What sum could Milligan have recovered ? Certainly not more than the price paid for the horse when purchased of the plaintiff, and the costs of the suit in which the title was tested. The fact that $72,32 were allowed to the owners for damages, proves that the horse

had become deteriorated in the hands of Milligan ; and if so, he could not have recovered of the plaintiff the damages and costs which the owners recovered against him and the full value of the horse, before the deterioration, or at the time of his purchase. The damages must have been allowed in part or wholly for the use of the horse, and as the plaintiff or Milligan must have had the benefit of that use, the defendant could not be legally charged therewith. The referees should have arrived at the amount which the plaintiff was entitled to recover, by allowing to him the price paid to the defendant for the horse and interest thereon, together with the costs which he became liable to pay to the true owners in their suit to establish their title. Adopting this mode of computation, a result will not be produced that will justify the report. I presume that the referees considered the costs paid by Milligan to his own attorney as an item to be taken into the calculation, but I know of no authority for doing so. In the case of *Lewis* v. *Peake,* the plaintiff was permitted to include, as an item in the amount of damages, the costs recovered against him on his warranty at the re-sale of the horse. In the case of *Blasedale* v. *Babcock,* 1 *John. R.* 517, which was an action on an implied warranty as to the title of a horse, the amount that had been recovered against the plaintiff by the owner of the horse was allowed to be the measure of his damages against the defendant. The expenses of Blasedale in defending the suit against him were not allowed to him as damages against Babcock. I am therefore for setting aside the report, and directing the referees to re-hear the cause, and allow damages according to the principles above stated.