Lawrence *v.* Wardwell.

---

---

SAME TERM.　　*Before the same Justices.*

6　423
139a 436
6b　423
84 AD'523

## LAWRENCE vs. WARDWELL.

In an action by a lessee, against the lessor, to recover damages for a refusal to give possession of the demised premises, the plaintiff can not, for the purpose of showing the amount of damages sustained, give evidence of an advantageous contract for the assignment of the lease, or of an offer to purchase it, by another person.

---

Lawrence *v.* Wardwell.

---

Nor is such evidence ad̄missi̇ble for the purpose of showing the value of the lease.

The amount paid by t̄h̄̄ff to workmen whom he was obliged to discharge in consequence of not being able to get possession of the premises at the time agreed upon, is a proper item of damage, in such an action, if specially claimed in the declaration.

THIS was an action brought by the plaintiff to recover damages of the defendant for his refusal to give the plaintiff possession of the lofts of a store in Cedar-street, New-York. By a lease executed in February, 1844, the defendant rented the lofts to the plaintiff for one year from the 1st of May thereafter, at a rent of $500. The defense was that at the time of executing the lease the plaintiff represented that he wanted to use the lofts as a warehouse, but that the defendant was afterwards informed that the plaintiff designed to turn them into saddler's work shops, introduce partitions, stoves, &c. and therefore he refused to give possession. The lease was in general terms, containing no restriction as to the purposes for which the lofts were to be occupied. The cause was tried at the New-York circuit in March, 1846, before Edmonds, circuit judge. The jury found a verdict for the plaintiff for $350, and the defendant moved for a new trial.

*D. M. Cowdrey,* for the plaintiff.

*S. Sherwood,* for the defendant.

*By the Court,* EDWARDS, J. The circuit judge was right in excluding the testimony which was offered as to the contemplated use of the premises in question. The written lease contained no restriction as to their use; and it was not proposed to show that the alledged intended use would be injurious to the property.

The material objection which was made by the defendant on the trial, was to the introduction of testimony as to the offer which was made to the plaintiff, by the witness Churchill, for the purchase of the lease. The witness stated that his impres-

Lawrence *v.* Wardw~~ell~~

sion was that he offered the plaintiff $2⬛⬛⬛. And the ver-
dict of the jury shows that they relie⬛⬛⬛is testimony in
estimating the value of the lease. Th⬛⬛eral rule in refer-
ence to damages is, that they must be the natural and proxi-
mate consequence of the act complained of. (2 *Greenl. Ev. p.*
256.) The particular application of this rule has been fully and
clearly explained in *Masterton* v. *The Mayor of Brooklyn,* (7
*Hill,* 62.) In that case the court held that although as a gen-
eral rule, damages for anticipated profits could not be recovered
in an action for a breach of contract, on the ground that they
were too remote and uncertain, still that those profits and ad-
vantages which were the direct and immediate fruits of the con-
tract entered into between the parties, stood upon a different
footing. "These," said Chief Justice Nelson, "are part and
parcel of the contract itself, entering into, and constituting a
portion of, its very elements; something stipulated for, the right
to the enjoyment of which is just as clear and plain as the ful-
fillment of any other stipulation. They are presumed to have
been taken into consideration, and deliberated upon, and formed
perhaps the only inducement to the arrangement." And there
are numerous cases which he cites as illustrative of the rule laid
down, in which the plaintiff has been held entitled to recover
the difference between the contract price of a thing, and its val-
ue on the day on which the contract was to be performed.
(*Boorman* v. *Nash,* 9 *Barn. & Cress.* 145. *McLean* v. *Dunn,*
4 *Bing.* 722. *Leigh* v. *Patterson,* 8 *Taunt.* 540. *Gainsford*
v. *Caroll,* 2 *Barn. & Cress.* 624.) But he further says that
"the loss of any speculation, or enterprise in which a party
may have embarked, relying on the proceeds to be derived from
the fulfillment of an existing contract, constitutes no part of the
damages to be recovered in case of breach. So a good bargain
made by a vendor in anticipation of the price of the article sold,
or an *advantageous contract of resale* made by a vendee, con-
fiding in the vendor's promise to deliver the article, are consid-
erations always excluded, as too remote and contingent to affect
the question of damages."

According to the principle here laid down the plaintiff would

not have been ad to give evidence of an advantageous contract for the ent of his lease. And if he would not have been autho give evidence of a contract, he certainly was not justified in giving evidence of a mere offer; neither was this testimony admissible for the purpose of showing the value of the lease.

The next objection taken by the defendant was to the testimony which was introduced as to the loss which the plaintiff sustained, by being compelled to pay the men that he was obliged to discharge, owing to his not being able to get possession of the premises at the time agreed upon. This was a proper item of damage, within the rule laid down in *Driggs* v. *Dwight*, (17 *Wend.* 71.) And as it was specially alledged in the declaration, the testimony was admissible.

New trial granted, costs to abide the event.

