Johnson, J.
The only plea to this action of covenant which the defendant has interposed is non est factum, under which neither a mutual abandonment of the contract between the-parties nor the non-performance by the plaintiff of conditions precedent can be given in evidence. The only question contained in the bill of exceptions which we are called upon to consider, is whether the evidence as to the damages in this case was correctly admitted at the trial. This evidence was objected to on two grounds: First, that the difference in value of the house and lotto be conveyed to the defendant by the plaintiff and the house to be built by the defendant for the plaintiff was not the true measure of ithe damages sustained by the plaintiff by the defendant’s *373 breach of covenant; and, second, that such damages were not recoverable unless specially stated in the declaration. If the contract in suit had contained no covenant to be performed on the part of the plaintiff, but only the defendant’s covenant to build a house for the plaintiff, then it is clear, not only that the measure of damages would be what it would be worth to build such a house, but also that those damages could be recovered under the common conclusion of the count in covenant, without any averment of special damage. It is the common case of work contracted to be done, materials to be furnished, goods to be delivered, in all which the damages are measured by ascertaining what it would have been worth to perform, and may be proved without any averment of special damage. The fact that the consideration for the defendant’s covenant was executory and not executed makes no difference; and the defendant cannot complain that the judge directed the value of the consideration which he was to receive to be deducted from the plaintiff’s damages.
A new trial must be denied and the judgment affirmed.
Gardiner, J.
The damages assessed by the jury, under the ruling of the judge, were “ the fair legal and natural result of the breach of the defendant's agreement.” The defendant had contracted to build a house for the plaintiff and receive his pay in land. He failed altogether to perform his agreement. The difference in value between the house and the land was the natural and necessary measure of damages. If the plaintiff, by the contract, had obliged himself to pay $1000 in money, for a building which, when completed, would have been valued at $1750, he would have lost, by the non-performance of the contract by the defendant, $750. There would be nothing remote, contingent or speculative in such a rule of damages. He would have been compelled to pay the sum last mentioned, over and above the price stipulated for the subject of the *374 contract. It can make no difference in principle, that the consideration for the undertaking of the defendant was land instead of money. There may be more difficulty in establishing the amount of the consideration in the latter case, but, when ascertained, the rule of compensation should be the same in both instances.
The damages in this case resulting necessarily from the breach of the contract upon the part of the defendant, it was not necessary that they should be specially stated in the declaration. (1 Chit. Pl., 348, 7th ed.; 5 Wend., 538; 3 Esp., 83; 1 Taunt., 566.)
As this was the only point argued, the other questions presented by the bill of exceptions being abandoned, the judgment of the supreme court must be affirmed.
All the judges concurred.
Judgment affirmed.