The damages assessed by the jury, under the ruling of the judge, were "the fair legal and natural result of the breach of the defendant's agreement." The defendant had contracted to build a house for the plaintiff and receive his pay in land. He failed altogether to perform his agreement. The difference in value between the house and the land was the natural and necessary measure of damages. If the plaintiff, by the contract, had obliged himself to pay $1000 in money, for a building which, when completed, would have been valued at $1750, he would have lost, by the non-performance of the contract by the defendant, $750. There would be nothing remote, contingent or speculative in such a rule of damages. He would have been compelled to pay the sum last mentioned, over and above the price stipulated for the subject of the *Page 374 
contract. It can make no difference in principle, that the consideration for the undertaking of the defendant was land instead of money. There may be more difficulty in establishing the amount of the consideration in the latter case, but, when ascertained, the rule of compensation should be the same in both instances.
The damages in this case resulting necessarily from the breach of the contract upon the part of the defendant, it was not necessary that they should be specially stated in the declaration. (1 Chit. Pl., 348, 7th ed.; 5 Wend., 538; 3Esp., 83; 1 Taunt., 566.)
As this was the only point argued, the other questions presented by the bill of exceptions being abandoned, the judgment of the supreme court must be affirmed.
All the judges concurred.
Judgment affirmed.