[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 279 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 280 
Were we to decide this case on the grounds taken on the motion for a nonsuit, I should think the judgment should be affirmed although the judgment is wrong in amount. Because the plaintiff was for the breach of the agreement entitled to nominal damages at any rate, and therefore the nonsuit was properly denied. The plaintiff cannot, however, recover on the allegation in his complaint, that he sustained damages to the amount of $60 by reason of the enforcement by the mortgagee of the payment of the $600. It cannot be pretended that the installment has been paid. The assignee of the mortgage can at any time enforce it against the property, or obtain judgment for the amount by action on the bond against the mortgagor. It is clear, therefore, that there can be no recovery in this action for any part of the principal sum as paid by the plaintiff, nor can there be any recovery for the $60 brokerage paid to procure a person to take an assignment of the mortgage. There was no enforcement, within the legal signification of that term, of the payment of the installment of $600.
There is, however, one part of the complaint on which the plaintiff was entitled to recover, viz: that in which he claims damages against the defendant for his failure to perform his agreement to pay to the mortgagee the first installment. The finding of the mayor's court on this point is full enough to sustain the judgment, and were it not for the error in admitting improper evidence, I should have no doubt that the judgment should be affirmed. It appears, *Page 282 
however, that the witness, Sanders, in his testimony, states that the $60 were paid him for his services in procuring a person to take an assignment of the mortgage. This was objected to and admitted, and the defendant excepted. It is manifest from this, what was the rule of damages adopted by the court below, and that rule was erroneous. The defendant had covenanted to pay this installment, or in default thereof, to pay the damages, costs and expenses to which the plaintiff might be subjected by reason of such failure to perform the covenants of the defendant. The term, damages, costs and expenses, has a definite legal signification, and does not include any premium, bonus or sum which a person chooses to charge, or a party to pay. Damages, costs and expenses, when given as the penalty against a party for the non-performance of a contract, mean the necessary, natural and proximate damages resulting from such non-performance, and not some remote, accidental or special injury to the party to whom the right of action accrues. (Groat v. Gillespie and Gibbons,
25 Wend., 383.) Wherever special damages are recovered, it must be on a distinct and definite statement in the complaint. (Armstrong v. Percy, 5 Wend., 535.) Here there is no such statement. The plaintiff was limited, therefore, to his damages resulting from the non-performance of the contract on the part of the defendant. On another trial he may be able to show his actual damages. The judgment should be reversed and a new trial ordered.
JOHNSON, DENIO, HAND and MARVIN, Js., concurred in the foregoing opinion
GARDINER, C.J., and RUGGLES and CRIPPEN, Js., were in favor of affirming the judgment.
Judgment reversed. *Page 283