ARTHUR, Plaintiff in Error, *v.* SIDNEY W. Moss, Defendant in Error.

*Error to Clackamas.*

When the vendor of personal property is sued for a failure of title, the measure of damages is the price paid by the plaintiff.

ARTHUR sold a horse to Moss for 150 dollars. Moss afterward sold the same horse to Souchu for 200 dollars. Replevin by Rossi against Souchu, in which it was determined that the horse belonged to Rossi. Moss refunded to Souchu the 200 dollars, and then brought this suit against Arthur, and claimed to recover that amount. Judgment in the District Court in favor of Moss, for the 200 dollars, with his expenses and costs. Arthur now complains of error in that judgment, because Moss was allowed to recover therein the amount for which he sold the horse, instead of the sum which he had paid for it.

*M. Elliott,* for plaintiff in error.

*A. E. Wait,* for defendant in error.

WILLIAMS, C. J. Where the purchaser of personal property sues his vendor upon an implied warranty of title, we think that the measure of damages in that case should be the price paid for the property, and not any sum for which such purchaser may have sold it; otherwise the vendor of personal property might be subjected to great loss and injury by means of the collusive sales and speculative schemes of a purchaser. The object of the law in a suit of this kind is to save the vendor from loss, and restore him to that ground on which he stood before the purchase; and not to provide means for one man to make money out of the misfortunes of another. Moss

was entitled to recover in this suit the amount which he paid for the horse, with interest, and those expenses and costs which had necessarily been incurred in defending the title derived from Arthur; and for the error of the court below in permitting him to recover more, the judgment must be reversed. (*Armstrong* v. *Percy*, 5 *Wend.* 535.)

                                                Judgment reversed.