Hawkins, J.,
delivered the opinion of the Court.
Brown, through his agent, sold to Woods two mules and one horse colt, for $75, and gave to the *183 purchaser a written hill of sale. Afterwards, another party instituted an action of replevin against Woods, and recovered the colt, upon the ground of superior title. Thereupon, Woods instituted this suit against Brown, to recover damages consequent upon the failure of his title to the colt. The suit was instituted before a Justice of the Peace for Hamilton County, and taken by appeal, to the Law Court of Chattanooga, in which a trial was had, which resulted in a verdict and judgment in favor of the plaintiff; from which the defendant has appealed to this Court.
The only question in the case, arises upon the charge of the Court, who, as appears from the bill of exceptions, among other things not excepted to, charged the jury, that should they believe, from the proof, that defendant, Brown, sold the plaintiff two mules and a colt,' as alleged, and afterwards the colt only was replevied, and taken away from him by the true owner, you will then ascertain from the proof, the value of the colt at the time he was replevied, and return a verdict in favor of the plaintiff for that sum.
Upon this charge two grounds of error are assigned in argument, by counsel for plaintiff in error:
1. Inasmuch as the proof shows that the mules and colt were sold altogether, for the sum of $75, without any specified value being agreed upon as to, either, the vendee cannot recover against the vendor because of the failure of title to the colt alone. It is true, the bill of exceptions shows that the sale was as insisted upon, but we do not think the legal proposition insisted upon can be maintained upon any principle of law or reason, whatever.
*184 2. It is insisted the Court erred • in instructing the jury that the measure of damages was the value of the colt at the time it was replevied from the purchaser. It is insisted, the true measure of damages, was the price paid for the colt by defendant in error, with interest; and in support of this proposition, counsel have cited the cases of Blosdale vs. Babcock, 1 Johnsons.' Reports, 517; and Armstrong vs. Perry, 5 Wend., 535. In note 981, in Phillips on Evidence, vol. 3, it is said: “These cases were implied warranties as to the title of a horse sold, and in which it was holden, that the price paid, interest thereon, and the cost recovered against the purchasers, were the measure of damages.”
But, it is stated by Mr. Sedgewick, in his work on Damages, p. 293, in speaking of this case: “In an action on the warranty of title implied in the sale of a horse, Blosdale bought the horse of Babcock, but was afterwards sued by Snow in trover for the animal. He gave notice eto the defendant of the suit, and judgment was ob/tained against him for the value of the horse, with costs. It was held, at the trial, that the judgment was strong, but not conclusive evidence of Snow’s title, and that if notv rebutted, the measure of damage was the amount of the recovery against Blosdale in the other action, (verdict and costs,) and ' this was held" right by the Supreme Court of New York.”
And, in reference to another case, in which the plaintiff only claimed of the defendant the original amount paid by him, and some damages and costs to which a party to whom he had sold had been subjected in *185 defending the title, and which the plaintiff had paid, without suit, and in which it was holden the plaintiff was entitled to recover the price paid the defendant for the horse, and interest, together with the costs he became liable to pay in the suit of the owner against the purchaser, from the plaintiff, the same author, p. 294, says: “It may be proper to observe, that the Court here appears to have lost sight of the principle laid down in the cases already - cited, that the recovery should be estimated not by the price paid, but by the real value.”
The record in this case, shows that the bill of sale executed by the vendor had been lost, and of course the same was not produced on trial. Whether or wnot evidence of its contents as introduced, does not appear, as the bill of exceptions does not state that it contains all the evidence in the case. Whether the warranty was expressed or implied, and deceitful and fraudulent, does not appear.
As to the measure of damages, there seems to be some conflict of authority; but we hold, that if the vendor impliedly, and falsely, fraudulently and deceitfully warranted the title to the colt, the vendee, upon the recovery of the same, or the value thereof, by one having the superior title, is entitled to recover from the vendor, the damages which he has sustained by reason of such false, fraudulent and deceitful warranty; and the damages thus sustained in this case, is the value of the colt at the time it was replevied, and all costs necessarily expended by him in the reasonable defense of the title.
*186 This seems to us to be in accordance with sound principles of reason and justice; and according to this rule, we can see no error in the charge of which the plaintiff in error can complain.
The judgment of the Circuit Court will be affirmed.