## GIDEON GOSS v. E. B. DYSANT, ADMINISTRATOR.

A claim against an estate, which has been presented to the administrator and
  rejected, is evidence, not of the truth of the claim, but of the fact that the
  claim has been rejected, so as to authorize suit. (Paschal's Dig., Art. 1310,
  Note 484.)
In a suit upon a warranty of a chattel, the measure of damages is ordinarily

the purchase-money and interest, and the fact that the payment was made in another chattel at an agreed price is the same as if made in money.

Error from Shelby. The case was tried before Hon. A. W. O. Hicks, one of the district judges.

The suit was virtually upon the implied warranty which the law creates upon the sale of a land certificate, which proved to be unrecommended, fraudulent, and of no value. The plaintiff, by amended petition, averred that the price agreed upon was $125, and the payment was made in a mule valued at that sum. The defense seemed to be, that this was a variance or departure from the account, which charged $125 for the loss as though paid in cash.

*Moore & Walker*, for the plaintiff in error.

No brief for the defendant in error has been furnished to the *Reporter*.

Lindsay, J.—The foundation of this action was an alleged fraudulent sale of a land certificate by the intestate of the defendant in error to the plaintiff in error. After the death of the defendant's intestate, the plaintiff presented his account to the personal representative for allowance, which was rejected. The account purported to be the consideration for a spurious land certificate, and is as follows:

"The purchase of the headright certificate of Wilson A. Jenkins, No. 282, of the second class, for six hundred and forty acres of land, purporting to have been issued by the board of land commissioners for Shelby county, Texas, under date of the 25th day of October, 1859, which certificate said William Todd fraudulently and falsely represented to be a good, valid, and genuine certificate, and upon said representations of the said Todd the said Goss was induced to purchase and pay for the said certificate; that said Goss used due diligence to have said certificate examined, and for the first time discovered, on or about the 20th day

of July, A. D. 1854, that the same was fraudulent and of no validity. This account is therefore brought for the money paid for said certificate, viz, $125."

Such was the explanatory account presented by the plaintiff to the administrator of the vendor of the certificate. It was rejected by the administrator, whereupon the plaintiff brought his suit, alleging in his petition that the certificate so purchased by him was false and fraudulent, of which the vendor had full knowledge at the time of the sale, but concealed it from him, the purchaser. By an amended petition the plaintiff alleged that the payment for the certificate was made in a mule, at an agreed and stipulated price between them, to wit, the sum of $125, and that it was so accepted and received by the seller, in satisfaction of the price of the certificate. Upon the trial of the cause the plaintiff offered as evidence to the jury the account rejected by the administrator, for the purpose, we suppose, of establishing his right to sue. But its admission was refused by the court. And this is the main assignment of error, and is the only one which requires our special notice. The account, in the form in which it was presented to the administrator, was sufficient to inform him of the nature of the plaintiff's claim, and to put him upon investigation to ascertain the liability of his intestate's estate for its repayment. When so presented and rejected it became legitimate evidence, not for the establishment of its own intrinsic justice, but to show that it was a rejected claim, which authorized the plaintiff to sue upon it.

We cannot discover the principle of law which justifies the court in the exclusion of this evidence. If the allegation of the petition be true, that the parties agreed upon the price of the mule, and the seller took the mule in payment of the price of the certificate, it was no mere exchange of property, but was equivalent, in law and reason, to the payment of as many dollars as they may have actually agreed was the value of the mule, and is no more an ex-

change of property than it would have been if the plaintiff, at the time of the negotiation for the certificate, had then and there sold the mule to a third person for the $125, and handed the money over to the seller of the certificate. If the plaintiff had bought the certificate for $125, and had paid it, not in gold, or silver, or greenbacks, or legal-tender, but in other bank-paper, which the seller had accepted at the time in satisfaction, it would hardly be contended that this would have been a mere exchange of property. The court should have permitted the evidence to go to the jury. For the refusal of the court to do so the judgment is reversed, and the cause

Remanded.