### EAGLE SQUARE MANUF'G CO. *v.* ANDREW.

(*Supreme Court, General Term, Third Department.*   September 25, 1890.)

SET-OFF AND COUNTER-CLAIM—WHEN ALLOWABLE.

In an action for the price of lumber sold and delivered, the answer alleged that, after defendant had contracted with a third person to build a house, plaintiff agreed to sell and deliver to him certain lumber on or before a specified date; that, more than a month after that date, plaintiff, under such contract, delivered to defendant lumber, part of which defendant returned as not of the kind and quality called for by the contract; and that, because the lumber was not delivered at the time agreed, defendant was compelled to pay damages for failure to complete the house in time, for which he set up a counter-claim.   There was no proof that, at the date fixed for delivery, the lumber was worth more than the agreed price.   *Held,* that a verdict was properly directed for plaintiff for the price of the lumber retained by defendant, as the damages claimed by defendant were not shown to be the direct consequences of plaintiff's default, or to have been in contemplation of the parties, and the acceptance of a part of the lumber after the time fixed for delivery of the whole was a waiver of a strict performance as to time.

Appeal from circuit court, Rensselaer county.

Action by Eagle Square Manufacturing Company against George M. Andrew for the price of certain lumber sold and delivered by plaintiff to defendant.   At the trial, the court directed a verdict for plaintiff.   From the judgment entered thereon, defendant appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*N. C. Moak,* for appellant.   *G. B. Wellington,* for respondent.

MAYHAM, J.   This is an appeal from a judgment entered upon a verdict of a jury, rendered under the direction of the judge at the circuit.   The ac-

tion was for a quantity of lumber sold and delivered by the plaintiff to the defendant. The complaint set out in detail the items of lumber delivered, and the date of delivery,—the items of lumber, as agreed, amounting in the aggregate to $300, crediting the items not furnished at $10.24, also a portion returned at $2.10,—and demanded judgment for a balance of $278.57. The answer alleges that the defendant was a builder, had made a written contract to build a house for one Hull and have the same completed at a time stated in the contract; and that, after the contract with Hull, he and the plaintiff made an agreement that, in consideration of $300 thereafter to be paid, the plaintiff agreed to manufacture, sell, and deliver to the defendant, at Hoosick Falls, N. Y., on or before October 15, 1888, a certain number of window-frames, doors, and door-frames, °blinds, mouldings, rails, and other finishing building material; and that under such contract the plaintiff, on or about the 17th of November, 1888, delivered a certain amount and quantity of material, which is the same and all the items mentioned in the complaint under date of November 17, 1888. The answer then alleges that the material was not of the kind and quality called for by the contract, and that a quantity of the same was returned. The answer also alleges damage by reason of defendant and his employes' being compelled to remain unemployed for want of such timber, and by being compelled to pay damage for not completing building in time, which is alleged as a counter-claim. On the trial the plaintiff proved the sale and delivery of the lumber substantially as alleged in the complaint. The defendant sought to prove that, by reason of plaintiff's failure to deliver the lumber on or before the 15th of October, he was required to, and did, pay damages to Hull for failure to complete her house at the stipulated time, which evidence was excluded on plaintiff's objection. There was no proof that the lumber was, on the 15th of October, worth more than it was agreed to be delivered for, nor was there any legal evidence proving the matters set up as counter-claim, or recoupment of the plaintiff's claim. We think the defendant under the pleadings and proofs failed to establish any legal defense to the plaintiff's claim, or any part of the same.

The answer does not allege that defendant's contract with Hull was any part of the contract of purchase of lumber of the plaintiff, or that plaintiff, by agreeing to deliver the lumber by the 15th of October, assumed any part of defendant's obligation under his contract with Hull. Taking the agreement as alleged and proved by the defendant, it was, at most, only an agreement to sell and deliver to the defendant, by the 15th of October, $300 worth of lumber and building material of a specified kind. That being so, it cannot, 1 think, be successfully maintained that the defendant's liability to Hull under his contract with her, and the damages for a breach of that contract, are the direct, natural, and proximate consequences of plaintiff's failure to deliver the material at the time fixed in his agreement with the defendant, such damages not being in contemplation of the parties at the time, and consequently forming no part of the agreement.

In Sedgwick on the Measure of Damages, page 58, the rule is stated as follows: "In regard to contracts it is sometimes said that the defendant shall be held liable for those damages only which both parties may be fairly supposed to have contemplated at the time of entering into the agreement as likely to result from it." In *Lawrence* v. *Wardwell,* 6 Barb. 425, cited by the defendant, the court says: "The general rule in reference to damages is that they must be the natural and proximate consequence of the act complained of;" and in the same case the court quotes with approbation the rule as follows: "The loss in any speculation or .enterprise in which a party may have embarked, relying on the proceeds to be derived from the fulfillment of an existing contract, constitutes no part of the damage to be recovered in case of breach. So a good bargain, made    *    *    *    confiding in the vendor's promise to deliver the article, is a consideration always excluded as too remote and

contingent to affect the question of damages." See, also, *Cassidy* v. *Le Fevre*, 45 N. Y. 568. The rule seems well settled, in actions for breach of contracts for the sale and delivery of personal property at a given time, that the measure of damage is the difference between the contract price of the chattel and its value on the day on which the contract is to be performed. *Masterton* v. *Mayor, etc.,* 7 Hill, 62; *Parsons* v. *Sutton,* 66 N. Y. 92. In *Armstrong* v. *Percy,* 5 Wend. 538, the court says: "When the action is for the breach of contract, and no special damages are stated in the declaration, the plaintiff is confined in his recovery to such only as naturally arise from the breach complained of; but, if the damages claimed do not naturally arise from that fact, they cannot be recovered unless they are particularly stated in the declaration, and not then if they are not proximate." Even if the damages claimed could be considered consequential upon the failure of the plaintiff, they must in such case be specially alleged in the answer, before proof is admissible. This, we think, the answer fails to do with sufficient definiteness. It does not allege that the materials contracted for could not be obtained in the vicinity, nor was there any proof offered to prove that fact. If there was such market, and they could have been obtained with reasonable facility, then the delay set up in the construction was not the direct or proximate result of the plaintiff's delay to deliver the articles, but the result of the defendant's failure to go into the market and furnish himself with the goods, in which case consequential damages could not be recovered, and the burden was clearly upon the defendants to allege and prove the facts entitling him to recover such damages, and if he fail to do so, the ordinary measure of difference of value between the time of contracting and the time of delivering is the full measure of damages. *Parsons* v. *Sutton,* 66 N. Y. 92. In this case there is no proof of any difference in value between those times, and consequently no damage is proved.

But, aside from the rules we have discussed upon the question of damage, we think the acceptance of a portion of this lumber, after the time fixed for the delivery of the whole, was such a waiver by defendant of a strict performance as to time as to make defendant liable in this action for the lumber received and retained, and that was the amount for which the court directed a verdict. In *Bailey* v. *Railroad Co.,* 18 Barb. 120, the plaintiff contracted to deliver a quantity of iron at a particular time, and failed to do so, but delivered a part of it after the time, and it was received by the defendant. The court held that the acceptance of a part of the iron after the time was a waiver as to time, and upon that subject use this language: "The defendant, by accepting part of the iron out of time, and without objection, waived the part of the contract which required that portion to be delivered in due time, or admitted that it was delivered as soon after that as practicable." In either case they were bound to pay for the amount delivered. We think the case at bar is substantially on this point like *Bailey* v. *Railroad Co., supra.* On the whole we think the learned trial judge was right in directing a verdict, and that the judgment on the same should be affirmed. Judgment affirmed, with costs.