Ingraham, J. (dissenting).
I think the objection *76 to the question asked Dr. Jennings, the medical expert called for the plaintiff, as to the permanent character of the injury, should have been sustained. The only allegation in the complaint as to the character of the injury, is that plaintiff “ sustained serious damage to her person and property.” There is no allegation that the injury caused pain and suffering, or that the injury was permanent, or that she was, at the time of the commencement of the action, suffering from the effects of the injury. No fact is alleged from which the inference can be drawn that there was any permanent impairment of her physical condition. The objection to the question was that it was not pleaded in the complaint. That objection was overruled and defendant excepted.
It cannot be said that permanent or progressive paralysis is the necessary or usual result of such an injury as is described in the complaint, and the complaint does not allege that such a result followed from the injury, or such a disease was caused by the act complained of. It is the damage sustained before the commencement of the action which the plaintiff alleges amounted to' $5,000, and such damage is alleged to have been caused by the injury to her person and property, and because she “ was obliged to and did incur liability for surgical and other treatment and attendance in seeking to restore herself of her injury.”
There is not the slightest indication given to the defendant by these allegations of the complaint that the injury caused by the act complained of was of such a nature as to interfere with the future use by the plaintiff of her physical faculties, and it left the defendant unprepared to meet the proof offered to sustain such an issue.
General damage is defined as that which necessarily and by implication of law results from the act or default complained of: special damages such as arise *77 directly but not necessarily or by implication of law from the act or default complained of. 1 Bouvier’s Law Dictionary, p. 467.
In Chitty on Pleading, vol. I, p. 428, general damages are defined as such as the law implies or presumes to have accrued from the wrong complained of: special damages are such as really took place and are not implied by law.
In 2d Greenleaf on Evidence, § 254, it is said, “Those which necessarily result are termed general damages, being shown under the ad damnum or general allegation of damages at the end of the declaration, for the defendant must be presumed to be aware of the necessary consequences of his conduct and, therefore, cannot be taken by surprise in the proof, of them. . . But where the damages, though the natural consequences of the act complained of. are not the necessary result of it, they are, however, special damages which the law does not imply, and, therefore, in order to prevent a surprise upon the defendant they must be particularly specified in the declaration or the plaintiff will not be permitted to give evidence of them at the trial.”
The distinction between special and general damages in cases of this character is stated in Gumb v. Twenty-third Street R. R. Co., 114 N. Y. 414, “ where a plaintiff alleges that his person has been injured and proves the allegation, the law implies damage, and he may recover such as reasonably flow from the injury (which are called general damages) under a general allegation that damages were sustained ; but if he seeks to recover damages from consequences which do not necessarily and immediately flow from the injury (which are called special damages) he must allege the special damages which he seeks to recover.”
Judge Smith, in Stevens v. Rodger, 25 Hun, 54, says, “ The general rule is that special damages, that is, such as although the natural are not the necessary *78 result of the act complained of, and consequently are not implied by the law, must be particularly stated in the complaint in order to prevent a surprise upon the defendant, or the plaintiff will not be permitted to give evidence of them at the trial. See also Armstrong v. Percy, 5 Wend. 535.
It appears from these authorities that the damages that may be proved under the general allegation of damages are such as are implied by law, and that the law implies only such as necessarily result from the act complained of. It is not enough that the damage sought to be proved may directly result from the injury, but the damage must be the necessary result so that such result can be implied by law.
I do not think that the necessary result of a person being dragged behind a street car which causes serious damage to his person and property is a permanent injury to the person, or that from such an act the law could imply such permanent injury. It would of course be different if the complaint alleged that the act caused the loss of a limb or another injury of that character, for in that case it would necessarily follow that the loss of the limb would be permanent.
I think, therefore, that the judgment must be reversed and a new trial ordered, with costs to abide the event.