## PHENIX INS. CO. *v.* PARSONS.

(*Superior Court of New York City, General Term.* March 2, 1891.)

1. MARINE INSURANCE—CONTRACT.
    The clause in a cargo policy insuring advances, which was accompanied by a freight policy, that "it is understood that freight and advances insured under this policy are subject to the terms and conditions of freight policy attached hereto," does not imply that the insurance of advances are not subject to the terms of the cargo policy.

2. SAME—INSURANCE OF ADVANCES—PAYMENT—SUBROGATION.
    Under an agreement with the owners of a vessel, defendant's advances thereon were to be insured by him at his own risk, and he procured the amount thereof, to-

gether with commissions, on procuring a charter, and expenses of insurance, to be indorsed as advances on an open policy he held with plaintiff, not informing plaintiff that the owners were not liable in case of loss, which under the terms of the policy vitiated it. The company paid the loss accruing, and took an assignment of defendant's alleged claim against the owners, which it prosecuted. Being defeated, it brought action against defendant. *Held*, that defendant could not object that the payment included other than advances.

3. RIGHT TO COSTS.
The costs of the action against the owners could be recovered, though no notice of the suit was given to defendant; but a counsel fee could not be recovered.

Appeal from jury term.
The defendant's firm, Parsons & Loud, shipping and commission merchants, procured a charter for the bark Elliot Ritchie, and made advances to her on the master's draft, and, writing her owners to that effect, received in reply a letter asking them to "get the advances insured, if you have not already done so, so that in case of loss you will not call upon the owners for the advances." At that time Parsons & Loud were carrying an open policy of insurance with plaintiff, consisting of a cargo policy, to which was annexed a freight policy. The cargo policy contained the following: "It is understood that freight and advances insured under this policy are subject to the terms and conditions of freight policy attached hereto," and insured defendant on "cargo, freight, and advances." It also contained the following clause: "In case of any agree ment or act, past or future, by the insured, whereby any right of recovery of the insured against any persons or corporations is released or lost, which would, on acceptance of abandonment or payment of loss by this company, belong to this company but for such agreement or act, or in case this insurance is made for the benefit of any carrier or bailee of the property insured other than the person named as insurer, the company shall not be bound to pay any loss, but its right to retain or recover the premium shall not be affected." The freight policy contained no such clause as the above. After the receipt of the letter from the bark's owners, Parsons & Loud applied to plaintiff to indorse upon the policy for their own account the sum of $1,500 for advances on the bark. The bark was totally lost, together with the cargo on board, by the perils insured against. Plaintiff refused to pay defendant's claim, except on an assignment, which was given as follows: "For and in consideration of the sum of fifteen hundred dollars, the receipt of which is hereby acknowledged, we hereby assign and transfer to the Phenix Insurance Company of Brooklyn fifteen hundred dollars (amount insured by us in said Phenix Insurance Company, March 31, 1884, as advances) of our claim of fifteen hundred and seventy 47-100 dollars, which we have against bark Elliot Ritchie and owners for advances, commissions, etc., for her late voyage from Brunswick, Ga., to Buenos Ayres, on which voyage she became a total loss." "In consideration of the amount insured as advances on this vessel being paid, all claim on act. of this draft is assigned to the Phenix Ins. Co." Plaintiff thereupon brought action against the owners of the bark, and was defeated, for the reason that Parsons & Loud, its assignors, had no claim against such owners. Whereupon plaintiff brought suit against the defendant, as survivor, to recover the payment made to him, and also the expenses of the litigation against the bark's owners; claiming that it insured defendant on the basis of its being a case of simple advances, for which both vessel and owners were responsible. On the first trial the complaint was dismissed, but upon appeal a new trial was granted. 4 N. Y. Supp. 621. Upon the second trial a verdict was directed for plaintiff.

Argued before SEDGWICK, C. J., and TRUAX, J.
*W. W. Goodrich*, for appellant. *George A. Black*, for respondent.

PER CURIAM. The issues in this action have been passed upon heretofore as reported. 4 N. Y. Supp. 621. The learned counsel for appellant argues

that there are in the present case differences from the former case which call for another result. He adverts to the fact that on the former trial it did not appear, as it does now, that the policy on which the insurance for advances was made, called the "cargo policy," was accompanied by a policy called the "freight policy." The freight policy does not contain a special clause, upon which, the counsel argues, the former decision is based, and the cargo policy contained the following clause: "It is understood that freight and advances insured under this policy are subject to the terms and conditions of freight policy attached hereto." This does not imply that insurance of advances are not subject to the terms of the cargo policy which insures the advances. And the implied right of the plaintiff to be subrogated to the defendant's claim against the owners for the reimbursement of advances would secure the same result in this action as has been placed before upon the special clause. On the trial the counsel for defendant objected to there being included in the recovery as being part of defendant's claim against the owner, and yet not being advances, which was the thing insured, certain commissions on charter and expense of insuring advances. The objection was correctly overruled, for by the assignment of the claims to the plaintiff there was an implied warranty that the claims amounted to $1,500, which in fact comprised the commission and expense of insurance. Against the objection of defendant, the court allowed a recovery for the amount of certain expenses incurred by plaintiff, in connection with a litigation, for the recovery against the owners of the claims for advances. The matter involved was not much discussed in the argument of the appeal. The plaintiff was not entitled to recover for services of counsel the charge of $250. Sedg. Dam. 292, note 2. The costs of the action were rightly recovered. Although the defendants did not have notice of the action, the costs were an actual and definite expense to which the plaintiffs were subjected, by acting upon the defendant's warranty. *Armstrong* v. *Percy*, 5 Wend. 535. These costs amounted to $36.65. There was not sufficient proof to justify the recovery of $8.57 for type-writing and copies of brief. The judgment should be modified by deducting the amounts that have been specified, and as modified affirmed, without costs to either party.