Per Curiam.
issues in this action have been passed upon heretofore as reported in 56 Super. Ct. 423.
The learned counsel for appellant argues that there are in the present case differences from the former case which call for another result. He adverts to the fact that on the former trial it did not appear, as it does now, that the policy on which the insurance for advances was made, called the cargo policy, was accompanied by a policy called the freight policy. The freight policy does not contain a special clause upon which, the counsel argues, the former decision is based, and the cargo policy contained the following clause: “ It is understood that freight and advances insured under this policy are subject to the terms and conditions of freight policy attached hereto.” This does not imply that insurance of advances are not subject to the terms of the cargo policy which *144 insures the advances. And the implied right of the plaintiff to be subrogated to the defendant’s claim against the owners for the re-imbursement of advances, would secure the same result in this action as has been placed before upon the special clause.
On. the trial the counsel for defendant objected to there being included in the recovery as being part of defendant’s claim against the owner, and yet not being advances, which was the thing insured, certain commissions on charter and expense of insuring advances. The objection was correctly overruled, for, by the assignment of the claims to the plaintiff, there was an implied warranty that the claims amounted to $1,500, which, in fact, comprised the commissions and expense of insurance.
Against the objection of defendant the court allowed a recovery for the amount of certain expenses incurred by plaintiff in connection with a litigation for the recovery .against the owners of the claims for advances. The matter involved was not much discussed on the argument of the appeal.
The plaintiff was not entitled to recover for services of counsel the charge of $250. Sedgwick on Dam. [292] note 2.
The costs of the action were rightly recovered. Although the defendant did not have notice of the action, the costs were an actual and definite expense to which the plaintiffs were subjected, by acting upon the defendant’s warranty. Armstrong v. Percy, 5 Wend. 535. These costs amounted to $36.65. There was not sufficient proof to justify the recovery of $8.51 for type-writing and copies of brief.
The judgment should be modified by deducting the amounts that have been specified, and, as modified, affirmed, without costs to either party.