Luther v. Brown.

LUTHER, *Appellant*, v. BROWN.

Division One, December 24, 1895.

1. **Supreme Court Jurisdiction:** COVENANT OF WARRANTY : CONSTITUTION. An action for breach of a covenant of warranty does not involve the title to land, within the constitutional provisions providing for appeals in such cases to the supreme court.

2. ———. Appellate jurisdiction is not dependent on consent of parties.

*Appeal from Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*John M. Barker* for appellant.

(1) The court erred in holding that plaintiff's losses in bonuses paid to keep the defendant's mortgage from closing him out was "a mere accident and the other party could not be held liable," and in excluding the proposed evidence. (2) The court also erred in excluding the proposed evidence of Lakenan and Barnes to prove trouble and loss in attempting to raise money to pay off defendant Brown's deed of trust or the interest coupons on same, and in disregarding the evidence of the expense paid for release, etc. The appellant ought to have had a verdict and judgment on this branch of the case. (3) The court erred in directing the jury to find for defendant, in giving defendant the judgment, and in refusing to set it aside and grant a new trial, and in overruling the appellant's motion for a new trial. The defendant contracted to warrant and defend the plaintiff against

all incumbrances, and against the claims of all persons whatsoever. The sale by the county court, sale by the sheriff, the condition of the mutilated deed, the taking of deeds by Brown from two of the Russell Martin heirs, altogether was sufficient to constitute a cloud and an incumbrance. And a cloud is an incumbrance. *Dunklin Co. v. Clark*, 51 Mo. 60; 51 Mo. 335; *Lick v. Roy*, 43 Cal. 83. (4) Anything which constitutes a burden on a title is an incumbrance. 6 Am. and Eng. Encyclopedia, p. 639; *Post v. Chapman*, 42 Mich. 90. Ouster was not necessary; it is sufficient if it became necessary for plaintiff to extinguish the cloud and incumbrance to save himself from loss. *Dickson v. Desire*, 23 Mo. 151; *Ward v. Ashbrook*, 78 Mo. 515; *Walker v. Deaver*, 79 Mo. 663.

*George Robertson* for respondent.

(1) The answer having stated a complete defense of new matter, and no reply controverting the answer having been filed, the defendant was entitled to judgment. *Cordner v. Roberts*, 58 Mo. App. 440. Defendant was not estopped to take advantage of the want of a reply for the reason that he introduced no evidence. *Cordner v. Roberts, supra.* (2) Plaintiff had no cause of action. R. S. 1889, sec. 2402. The defendant at the time of the execution of the deed was seized of an indefeasible estate in fee simple in the real estate granted. *Second.* While there was an incumbrance against the land defendant discharged it before suit was brought. *Third.* Plaintiff took good title to the land, went into possession of it and has suffered no eviction. *Blondeau v. Sheridan*, 81 Mo. 545; *Walker v. Deaver*, 79 Mo. 664; *Wyatt v. Dunn*, 93 Mo. 459. (3) Defendant discharged the incumbrance before suit was brought and that deprived plaintiff of any cause of action. *Buren v. Hubbell*, 54 Mo. App. 617.

ROBINSON, J.—Plaintiff instituted this suit in the Audrain circuit court, for breach of covenants contained in a warranty deed made by defendant to plaintiff, wherein it is alleged that by reason of incumbrances placed and suffered to remain upon the lands conveyed to him by plaintiffs, which he was required to pay off and discharge, and for other costs and expenses he was put to in removing a cloud and apparent outstanding titles against said lands, he is damaged in the sum of $1,000, for which he asks judgment against plaintiff.

At the close of plaintiff's case in the trial court judgment was rendered against him on a motion in the nature of a demurrer to the testimony, and plaintiff has prosecuted his appeal to this court.

No suggestion is made as to why the case was sent here, nor is there raised by counsel on either side since it has reached this court, any question as to its jurisdiction to hear and determine this appeal. As our jurisdiction of this cause depends, not upon the consent or agreement of the litigants, but upon the authority of the law, which the litigant can not waive, we see no warrant for the exercise of jurisdiction by this court over the subject-matter of this appeal.

The amount involved is less than $2,500, and there can be no fair claim of jurisdiction in this court, under that clause of the constitution which gives to it appellate jurisdiction "in all cases involving title to real estate." Yet that was evidently the reason that prompted the trial court in certifying the case here, as no other is within the realm of conjecture.

While during the progress of the trial of the cause the title to the real estate deeded by defendant to plaintiff would necessarily be questioned and its imperfections (if any) short of the covenants contained in plaintiff's deed would be involved in the determination

of the question as to the amount of plaintiff's damage for the breach of the covenants, still the title to real estate is not involved in the sense that the real estate would be affected by the ascertainment of the facts evolved at the trial, and on which a judgment was sought as would under the provisions of the constitution give this court appellate jurisdiction when the amount involved is less than $2,500. If a judgment was rendered because of the defect of title to the real estate named it would sound in damages and be personal against defendant and no decree or judgment would be entered that could in any wise involve or affect the title to the real estate named in the petition, different from the way that all other real estate to plaintiff belonging might be affected by the judgment for cost that was rendered against him. There is no dispute as to the existing title to the land. This suit grew out of a past condition of the title that plaintiff has made good by the expenditure of money, which he claims to be entitled now to recover by reason of the covenants contained in defendant's conveyance to him.

As the amount plaintiffs seek to recover is less than $2,500, and the title to real estate is not involved, this court is wanting in jurisdiction and therefore orders that same be transferred to the St. Louis court of appeals. Brace, C. J., Barclay and Macfarlane, JJ., concur in the result.