## Blasdale *against* Babcock.

THIS was an action on the case, on an implied warranty in the sale of a horse. At the trial of the cause before Mr. Chief Justice *Kent*, on the 20th of *June*, 1806, it appeared, that after the plaintiff had bought the horse of the property, and brought an action of trover against A and recovered. of the suit brought by C to B, who attended with a witness at one court was not then tried ; and he did not attend at a subsequent court on. In an action brought by A against B, on the implied warranty was held that the record of the recovery against A by B was proper jury ; and that the notice of the other suit was sufficient, tice afterwards of the time of trial.

A sold a horse to B; and C afterwards claimed the horse as his A gave notice but the cause when the trial came as to the title, it evidence to the without giving special no-

defendant, one *Snow*, who claimed the property, brought an action of *trover* against the present plaintiff, for the same horse, which was tried before the court of Common Pleas, of the county of *Washington*, and a verdict was found against the present plaintiff for the value, with costs. It appeared, that the plaintiff had given notice to the defendant of the action brought against him by *Snow*, and that the defendant, with another witness, attended at one court as witnesses for the defendant in that cause, but not at the term in which the cause was actually tried.

On the trial of the present cause, the record of the recovery against the plaintiff by *Snow*, in the former cause, was received in evidence. The defendant proved that the horse in question had been attached by him in *Vermont*, for a demand against the plaintiff in the other suit, and that they afterwards agreed to meet and adjust their accounts, and that *Snow* offered to sell the horse to the defendant on certain terms; but it did not appear that the sale was actually completed. Evidence was also given to impeach the character of *Snow*.

The judge charged the jury, that the defendant, by the sale of the horse, warranted it to be his property; and that it was his duty, when the plaintiff was sued by *Snow*, to come forward and defend the suit ; as it appeared from the evidence that he had notice of the action. That the record of the recovery of *Snow* against the present plaintiff, though not conclusive evidence, was strong evidence of *Snow's* right. That if the jury believed, from the whole evidence, that the horse was, notwithstanding, the property of the defendant, they ought to find for the defendant ; but if it appeared to them doubtful, they might find for the plaintiff, the amount of damages and costs, in the judgment in the suit by *Snow* against the plaintiff. The jury found a verdict for the plaintiff accordingly.

*Van Vechten* and *Foot* for the defendant, now moved for a new trial. 1. Because the verdict was against evidence, and 2. For the misdirection of the judge.

The record was not proper evidence as to the right of the parties in this suit ; but if it were evidence as to the right of property, it was not so, in regard to damages. To entitle the plaintiff to produce it in evidence, he ought to have proved not only that the defendant had notice of the former suit, but notice also of the time when the cause was actually tried. It was the duty of the plaintiff, at that court, when he found the defendant was not there, to have moved for a postponement of the trial, and not have suffered the cause to have proceeded without any testimony on his part. The least he ought to have done, was to inquire of the defendant as to the means of defence, and have given him due notice to be prepared. Having been so negligent of the defence, he ought to suffer the loss. That the case was doubtful, was not a sufficient reason for the jury to find for the plaintiff.

*Shepherd,* contra. If the record was improper evidence, it ought to have been objected to at the time of the trial. It is now too late ; but, in fact, it did relate to the same subject, and it is to be presumed that the jury in that suit, gave their verdict on sufficient evidence. There was sufficient ground for the jury to infer, that the defendant had notice for the trial of the cause. As he attended one court, he was bound to ascertain the time when the next court was to sit, and to have been prepared to make a defence.

*Per Curiam.* The record was proper evidence, for without it, the plaintiff could not have shown a legal eviction. The first notice given to the defendant of the other suit brought against the plaintiff for the horse, was sufficient ; and he was bound to know all the subsequent proceedings, without a special notice, of the time every subsequent court was to be held. There was no misdirection by the judge ; and we are of opinion that the plaintiff is entitled to a judgment.

Judgment for the plaintiff.