STROTHER JOHNSON, Respondent, *v.* JOEL BLANKS, EX'R OF GEORGE MEYERS, deceased, Appellant.

| 34 | 255 |
| 54 | 497 |
| 34 | 255 |
| 80a | 344 |

*Damages—Warranty.*—In an action upon the warranty of title to a slave, if the slave's services were worth nothing, the vendee is entitled to recover the price paid, his costs and expenses in taking care of the slave, and also his costs in defending against the paramount title if he gave notice of the suit to his vendor.

### Appeal from St. Charles Circuit Court.

*Woods, Broadhead, Lewis & Alexander,* for appellant.

I. If the warranty is broken as soon as made, as seems very clear, for there was nothing done or omitted to be done by the vendor which affected the contract in any way whatever, then the damages must be fixed at the time of the breach, and the vendee cannot, especially when he knows the whole history of the title, and knew of this adverse claim of title, be entitled to expenses incurred by him, by reason of his holding on to the property against the rights of the lawful owner. The expense thus incurred in raising the negro enures to the benefit of the lawful owner, and he is bound to know who the lawful owner was. The measure of damages is the value of the property at the time of the breach of warranty, and this value ought to have been fixed, and doubtless was fixed, by the price agreed upon between the parties.

*R. G. Woodson,* for respondent.

I. The instruction given by the court below for plaintiff (defendant in error) was properly given; it correctly informed the jury of the true measure of damages. (Sedgwick on Dam., 293.)

II. Plaintiff defended the suit of Mary Lewis in good faith; defendant had timely notice of said suit. Meyer's estate is liable to plaintiff for all damages necessarily arising from breach of the warranty, including keep of slave, and costs and expenses incurred by plaintiff in defending the suit of

the adverse claimant, Mary Lewis. (Sedgwick on Damages, p. 293 ; Parsons on Contracts, vol. I, p. 459, note i.)

DRYDEN, Judge, delivered the opinion of the court.

This was an action by Johnson against Blanks, executor of Meyers, to recover damages for the breach of an express warranty of title to an infant slave, which was sold by Meyers to Johnson in 1855, and was afterwards, in 1859, recovered from the latter in an action brought against him for the purpose by one Mary Lewis, who claimed by title paramount to that of Meyers, of which action Blanks, the executor, had notice. The evidence tended to show that Mary Lewis acquired her title by means of a deed of gift from said Meyers, her grandfather ; and that at the time of the plaintiff's purchase he had knowledge of the previous gift, but that it was then in good faith believed, both by Johnson and Meyers, that by reason of an arrangement which had been made between Myers and the father of Miss Lewis, then an infant, that her title had become extinguished and re-invested in Meyers. The evidence also showed that the slave, by reason of its immaturity, was incapable of service, and was a burden and expense upon Johnson from the time of the purchase until he was dispossessed by the claimant under the paramount title.

The only point made in the case which we will consider, is as to the measure of damages. The court instructed the jury that the measure of damages was the value of the slave at the time of the sale, together with Johnson's costs and expenses in caring for the slave, and in defence of the suit of Miss Lewis, and refused to instruct that if the plaintiff purchased with notice of the previous gift to Miss Lewis, the measure of damages was alone the value of the negro, with interest. We do not think the fact of notice to the respondent can have the effect of restricting the measure of his recovery as contemplated by the refused instructions. It is a fundamental rule of damages, that the damages claimed

must be such as are the natural result of the injury complained of. (Mayne on Damages, p. 31.) The injury complained of here is the breach of the warranty of title; and if the care and expense of the slave, and the costs of the defence of the title, like the value of the property, be the natural result of this injury, why may not they, like the value of the slave, be the subject of recovery? If notice to the plaintiff of the adverse title will impair his right to recover the expenses and costs, why will it not have the same effect as to the value of the property? What is the foundation of the distinction? The question with us is not so much as to the effect of the notice, as to whether the expenses and costs under consideration can fairly be said to be the natural result of the breach of the warranty. We have come to the conclusion they are; but, as to compensation for the care of the slave, with much hesitation and distrust.

In cases of warranty of soundness, the authorities teach that where A sells goods with warranty to B and B re-sells with a similar warranty to C, who sues and recovers against B for breach of his warranty; if A advised or sanctioned the defence being set up, B may recover of A the costs he paid to C in the former action, as well as his own costs in defending the suit; and, in such case, a jury is warranted in finding, that A sanctioned the defence, if, being notified of the suit, he make no objection to the defence. (Mayne on Damages, 29, 30; Armstrong v. Percy, 5 Wend. 535.)

In analogy to cases of this sort, we think the costs incurred by the respondent in defence of the suit of Lewis are the subject of recovery in the present action. (Baldwin's Administrator v. Shelton, 25 Ala. 217.)

It is also well settled that in cases of warranty of soundness, the vendor is answerable to the vendee for care and attention and for medical attendance and medicines, if, on discovery of the unsoundness, the vendee has given notice to the vendor of the unsoundness and offered to rescind. The purpose of the notice in such cases is to enable the vendor, if

he will, by a rescission of the contract, to put the parties in *statu quo*. But, in cases of warranty of title, notice of the breach of warranty could by no possibility accomplish any such result. The breach of the vendor's covenant consists in his want of title, and is shown by proving the title outstanding in another, a state of case which precludes the possibility of placing the parties in *statu quo ;* and the reason of the rule requiring notice failing, the rule itself fails. Upon the same principle that a vendee with warranty of soundness would after notice be entitled to recover from his vendor for expenses incurred in attention to the goods warranted, the respondent, in our opinion, is, without notice, entitled to recover of the appellant for his expenses and trouble in caring for the slave in this case. And we are the better satisfied with the conclusion at which we have arrived on this point, because the result strikes us as eminently just and in exact harmony with the primary idea of damages—*compensation and satisfaction for injury sustained.*

Another question raised by a motion to instruct the jury, and overruled by the court below, and pressed in the argument by the appellant's counsel in this court, is as to whether the respondent's cause of action is not barred by reason of the suit not having been commenced within three years next after notice of the grant of administration on Myers' estate. This defence was set up in the answer, but was stricken out, on the motion of the appellant, in the court below ; and no exception having been taken to the action of the court in striking the same out, there was no issue in the case upon which the question could arise, and we therefore cannot consider it.

Let the judgment be affirmed ; Judge Bay concurring.

Judge Bates, being of kin to the respondent, did not sit in the case.