# A. D. COLEMAN, Respondent, v. W. J. CLARK, Appellant.

## St. Louis Court of Appeals, May 2, 1899.

1. **Circuit Court Jurisdiction**: TITLE TO REAL ESTATE: BREACH OF COVENANTS OF WARRANTY. In an action for breach of covenants in a conveyance of real estate, title to real estate is necessarily called in question, though not generally nor usually made the controlling issue in the cause.

2. **Covenant of Seizin**: COVENANT BROKEN. A covenant of seizin implies that the covenantor is possessed of both, that is of the whole legal title. Held, that the covenant is broken if the covenantor have not the possession, the right of possession, and the right of legal title.

3. **Grant, Bargain and Sell**: RESTRICT: QUALIFY. The *habendum* clause of the deed does not refer to, nor is it connected with the granting clause, and hence does not qualify nor restrict the covenants created by the words, "grant, bargain and sell."

4. **Attorney's Fee**: PRINTER'S BILL: LIABILITY FOR. In the case at bar the suit against Drane was occasioned by and resulted from the breach of appellant's covenant of seizin, and the expenses incurred in the prosecution of that suit are the proximate damages sustained by the respondent on account of such breach.

*Appeal from the Mississippi Circuit Court.*—HON. HENRY C. RILEY, Judge.

AFFIRMED.

RUSSELL & DEAL for appellant.

The circuit court had no jurisdiction. This suit did not effect the title to real estate, nor was the title to real estate in any way in issue, and the amount involved did not exceed $50. R. S. 1889, sec. 6122 and 6124; Monks v. Strange, 25 Mo. App. 13. We are aware that the supreme court formerly held that a justice of the peace had no jurisdiction

of suits on covenants of warranty, but in a later case that court holds that in such suits the title to real estate is not involved. Luther v. Brown, 132 Mo. 72. There was no breach of the covenants of warranty contained in the defendant's deed. His warranty was only against "lawful claims" of others and this is the language in the *habendum* clause of the deed. The claim of Drane to the four acre strip was adjudged to be an unlawful claim. True the deed contained also the words "grant, bargain and sell" which were covenants of certain things unless restrained by other express terms. R. S. 1889, sec. 2402. The express warranty against "lawful claims" does not restrain these general covenants of warranty. Shelton v. Pease, 10 Mo. 398. It will not be contended that the covenants against incumbrances nor for further assurances have been broken, in fact the allegations of the petition are not such as to justify such a position, but the contention is that the covenant, "that the grantor was at the time of the execution of such conveyance seized of an indefeasible estate" was broken. Clark was seized of an indefeasible estate. Webster defines indefeasible, "Not to be defeated, incapable of being made void." Our title was held good by the supreme court. Coleman v. Drane, 116 Mo. 387. Seizin does not mean the possession of land necessarily but an estate in land. Am. and Eng. Ency. of Law, 21, p. 1057. Covenant of warranty is not broken by the possession of a stranger. Maupin on Real Estate, p. 346. The existence of a paramount title is a breach of the covenant of seizin. Cockrell v. Proctor, 65 Mo. 46. The courts hold that the possession of a strip of land by a railroad is not a breach of the covenant of seizin. Kellog v. Malin, 50 Mo. 499. Under the ruling of this court the plaintiff can not recover expenses of the litigation for which he is here contending. Luther v. Brown, 66 Mo. App. 228. But even if the plaintiff had the right to recover any expenses paid he certainly could not recover any not shown to be necessary. The testimony did show that the rules of the supreme

Coleman v. Clark.

court required all briefs to be printed, but we do not understand that the rules of that court offered in testimony makes it obligatory upon the respondent to make briefs. This is a matter of choice, and was not shown in this case to be necessary. But even if the court should hold that the plaintiff was entitled to recover the $45 paid for attorney's fee and brief, he was not entitled to recover interest on the same until due and payment was demanded. R. S. 1889, sec. 5972.

No brief filed for respondent.

BLAND, P. J.—On April 10, 1890, William J. Clark and wife executed and delivered to Arch D. Coleman, a conveyance granting to Coleman, by the words "grant, bargain and sell, convey and confirm," the following described real estate situated in Mississippi county, Missouri, to wit, northeast quarter of northeast quarter of section thirty-three, township thirty-six, range sixteen. When Coleman attempted to take possession of the land he found one M. A. Drane in possession of a strip of about four acres of the land on one side of the tract, claiming the fee simple title thereto. Coleman instituted suit by ejectment against Drane for possession of the strip. Coleman was successful in the suit and recovered a judgment for possession. Drane appealed to the supreme court, where the judgment was on a hearing affirmed. Under a rule of the supreme court (read in evidence on the trial), Coleman was required to have his brief printed for which he paid $10. He also employed an attorney to prosecute his suit, to whom he paid $40. The attorney's fee and printer's bill were both reasonable. For the recovery of these amounts (printer's bill and attorney's fee), this suit was begun in the circuit court. The petition alleges in substance that Clark committed a breach of his covenant of seizin, and that Coleman was compelled to pay out and did pay out $50, to obtain possession of the land. Clark was notified of the adverse

claim of Drane and of the fact that suit by ejectment was brought by Coleman against Drane. A trial was had in the circuit court, where judgment was recovered by Coleman for $50 and interest. Clark appealed.

I. Appellant contends that the circuit court did not have original jurisdiction of the subject-matter of the suit. This contention would be good, but for section 6124, Revised Statutes, 1889, which denies to a justice jurisdiction in any action where the title to real estate is brought in question and in Bredwell v. Loan & Inv. Co., 76 Mo. 321, the supreme court ruled that by this statute a justice had no jurisdiction of this kind of an action. This ruling is not qualified by the decision in the case of Luther v. Brown, 132 Mo. 70, where it is held that an action on a covenant for a breach of warranty does not involve the title to land within the provisions of the constitution giving the supreme court jurisdiction in all cases appealed or brought up by a writ of error where the title to real estate is involved. The language of section 6124, is, "where the title to any lands or tenements shall come in question and be in issue." The language of the constitutional provision referred to in the Luther case is, to wit: "in cases involving title to real estate." To come within the provisions of the constitutional provision, the title to real estate must be the gravamen of the cause of action. Under the statute if the title to real estate is collateral to the main issue, the justice has no jurisdiction. In an action for breach of covenants of a warranty, in a conveyance of real estate title to real estate is necessarily called in question, though not generally nor usually made the controlling issue in the cause.

II. A further contention made by appellant is that there was no failure of title, and hence no breach of the covenant of seizin. Seizin is of two kinds, seizin in law, and seizin in deed. A covenant of seizin implies that the covenantor is possessed of both, that is of the whole legal title, and the

covenant is broken if the covenantor have not the possession, the right of possession, and the right of legal title. Fitzhugh v. Croghan, 19 Am. Dec. 139; 2 Wash. on Real Prop., side page, 657.

III. On account of the following concluding clause in the deed, to wit: "To have and to hold the same with all the rights thereto belonging, hereby covenanting that we and our heirs shall and will warrant and defend the title to the premises hereby conveyed against the lawful claims of all persons whatever," it is contended that the covenants implied by the words "grant, bargain and sell," are restricted to "lawful claims." The *habendum* clause of the deed does not refer to nor is it connected with the granting clause, and hence does not qualify nor restrict the covenants created by the words "grant, bargain and sell."

IV. Appellant further contends that admitting the breach of the covenant of seizin, and that the suit of Coleman against Drane was a necessary one to gain possession of the four acre strip, yet that the attorney's fee and printer's bill sued for can not be recovered. As between the vendor and the vendee the latter has a right to the property which he has purchased, and it was the duty of Clark under his covenant of seizin to put Coleman in the actual possession of all the lands described in his deed. This he did not do, and Coleman, to obtain what he had bought from Clark and paid for, was forced to bring the ejectment suit against Drane. This suit against Drane was occasioned by, and resulted from the breach of appellant's covenant of seizin, and the expenses incurred in the prosecution of that suit are the proximate damages sustained by the respondent on account of such breach, as much so as if Coleman under different circumstances had been compelled to pay out money to obtain title and possession from one holding under a title superior to Clark's. 1 Sutherland on Damages, sec. 84; 3 Sedgwick on Damages, sec. 982 and note "a."; Matheny v.

ATTORNEY'S fee.

Stewart, 108 Mo. 73; Hutchins v. Roundtree, 77 Mo. 500; Johnson v. Meyer's Ex'r, 34 Mo. 255. No reversible error is discovered in the record, and the judgment is affirmed. All concur.