## SHULTIS, Respondent, v. RICE, Appellant.

St. Louis Court of Appeals, October 17, 1905.

1. **SECONDARY EVIDENCE: Lost Instrument.** Parol evidence is admissible to show the contents of a contract upon which the suit was brought, where it was shown that the contract was placed by the parties in the hands of a third party for the inspection of both and was by such third person lost.

2. **SALES: Implied Warranty.** In the sale of a chattel, an implied warranty of title arises when such sale is for the full value of the chattel, and "full value" in such case means a fair price.

3. ——: ——: Measure of Damages: Expense of Defending Title. Several chattels were sold with an implied warranty

and a stranger to the transaction sued the purchaser and recovered judgment for the conversion of a portion of said chattels, including in the action other elements of damage besides the value of the chattels converted. The seller of the chattels was notified of the pendency of the action. *Held*, in action on the implied warranty of title, the measure of damages was the value of the chattels to which the title failed, not exceeding the amount of the judgment in the action for conversion, together with the expense incurred in defending the action.

Appeal from Audrain Circuit Court.—*Hon. Houston W. Johnson,* Judge.

AFFIRMED.

*A. C. Whitson* for appellant.

The court erred in giving plaintiff's instruction No. 2, instructing the jury that if they found for the plaintiff to allow him the value of the property alleged in his petition as sold by defendant to him, which did not belong to defendant, and the costs of the suit paid by plaintiff together with the attorney fee in defense of the title to said property. The measure of damages for breach of a warranty of title to either real or personal property is universally held to be the purchase money paid with interest to which may be added any expense necessarily paid in defense of a failing title, as by purchase of outstanding liens, not to exceed the amount of the purchase price. Dryden v. Kellogg, 2 Mo. App. 93; Ranney v. Musenherner, 61 Mo. App. 434; Schell v. Stephens, 50 Mo. 375; Matheny v. Mason, 73 Mo. 677; Robinson v. Rice, 20 Mo. 299; Joyce on Dam., 1715; Barton v. Faherty, 3 Greene (Iowa) 327.

*Fry & Rodgers* for respondent.

The instructions properly declared the measure of damage. Johnson v. Meyer's Ex., 34 Mo. 256; Coleman v. Clark, 80 Mo. App. 343; Hoffman v. Chamberlain, 53 Am. Rep. 788; Blasdale v. Babcock, 1 John 517; Narr

v. Normann, 88 S. W. 122; Chalice v. Witte, 81 Mo. App. 86; Rowse v. Johnson, 66 Mo. App. 63; Harrison v. Hall, 97 Mo. 394.

GOODE, J.—In August, 1902, defendant Rice was conducting a hardware store in the town of Cambridge, Iowa. During that month he sold to plaintiff Shultis his stock of hardware and the furniture in the store where it was kept, consisting of shelving, counters, stepladder, showcase, lamps, a stove and perhaps other articles. No price was fixed on the different articles, which were sold for the round sum of $400. The building belonged to S. A. Rush, who subsequently, on Shultis attempting to move the stock and furniture to another room in the same town, asserted title to the shelving and a stepladder. Shultis having retained possession of the property against Rush's claim, the latter sued him in an Iowa court for a wrongful conversion, demanding the value of the property converted and damages for injury to the building in removing the shelving. The latter circumstance renders it impossible, from the meager excerpt of the record in the Iowa case contained in the present record, to say how much of the damages allowed Rush in that case was assessed as the value of his property which Shultis had converted, and how much was assessed for damages to the building. Shultis notified Rice of the pendency of the action and requested the latter to defend the title he had conveyed, which Rice failed to do. The action resulted in a judgment against Shultis in favor of Rush for $122. In addition Shultis paid $37 for an attorney's fee in the case and other expenses, such as the cost of taking depositions. The present action is on the defendant's warranty of title to the fixtures sold and was instituted to recover from Rice the loss sustained by Shultis on account of the failure of the title. Prior to the sale to Shultis, Rice had purchased the stock of hardware and certain store furniture from J. M. Bartlett, and swore that he only undertook

to sell to Shultis such store furniture or fixtures as he had acquired from Bartlett. But Shultis said that during the negotiations between him and Rice the latter went around the storeroom and, laying his hand on each piece of the furniture, said: "This goes in." Rice's present contention conflicts with what he testified in the case of Rush v. Shultis; for he then swore the counter and shelving were included in his sale. There was a bill of sale from Rice to Shultis which was deposited with F. W. Larson, the cashier of the bank in Cambridge, for the use of either party who might desire to see it. The point is much pressed on the present appeal that as that instrument was the sole evidence of the contract regarding the fixtures sold, parol evidence was improperly admitted to show what was sold. The evidence conclusively shows the bill of sale had been lost while in Larson's possession and secondary evidence of its contents was admissible.

The only point suggested against the validity of the judgment which we consider worthy of discussion is the measure of damages. There appears to be no question raised in regard to plaintiff's right to recover the expense he was put to in defending the Rush case. The testimony showes plaintiff called on his warrantor Rice to make the defense, and the latter did nothing except maintain by deposition, Shultis' right to the property claimed by Rush. Under the circumstances it was proper for Shultis to defend against Rush's claim, and there is no contention that the outlay he incurred in making the defense was unreasonable. Rice is answerable as implied warrantor of the title to the chattels he sold, for a fair price, while in his possession. [Robinson v. Rice, 20 Mo. 229; Ranney v. Meisenheimer, 61 Mo. App. 434.] The usual statement of the rule is that an implied warranty of title arises on the sale of a chattel for full value; but we understand "full value" to mean there must be no such inadequacy of price as would warn a prudent buyer that the seller's acceptance of it was sus-

picious; not that the exact value must be paid.   This case is not complicated by an averment of fraud on the part of Rice in knowingly making false and fraudulent representations regarding his ownership of the fixtures. As a simple action for breach of the implied warranty of title, the question for decision is, what is the measure of damages?   At the instance of the plaintiff the trial court instructed the jury to allow the plaintiff, if they found the issues in his favor, the value of the shelving and stepladder, not to exceed $122, and to allow, besides, the reasonable expenses plaintiff incurred in defending the Iowa case.   This meant plaintiff was entitled to recover the value of the property, not to exceed the amount of the Rush judgment which he had paid; namely, $122.   No doubt that sum represented his maximum loss; and there is authority for the proposition that if we knew it was found by the jury as the value of the property, Rice would be bound by the judgment in this action, he having been notified to defend the case. [Blasdale v. Babcock, 1 Johns. 517; Thurston v. Spratt, 52 Maine 202.]   But, as said above, we cannot be sure what the Iowa jury found the value of the property to be, for the reason that a portion of the sum awarded by the verdict in favor of Rush may have been for injury done to his building in removing the shelving.   Therefore, the amount which plaintiff is entitled to recover against the defendant for the shelving and ladder rests on facts in pais; and so the court below and the parties treated the matter at the trial.   The position taken by the defendant is that the court erred in charging the jury to allow the plaintiff the value of the property, not to exceed the amount of the Iowa judgment, instead of charging them to allow its price, not to exceed said judgment.   The purpose which pervades the law of damages for the breach of a contract is to make full compensation to the aggrieved party for all losses sustained as the proximate result of the breach.   [Hammond v. Beeson, 112 Mo. 190, 20 S. W. 474.]   Any damage naturally aris-

Shultis v. Rice.

ing from the breach is recoverable without being specially pleaded, but such as depend upon particular circumstances must be pleaded. These principles are applied in actions for breach of warranties in contracts for the sale of chattels. [Armstrong v. Percy, 5 Wend. 535.] If the vendor of a chattel fails to deliver it according to agreement, the vendee may recover in an action on the contract, the chattel's value even if it exceed the price. [White v. Salisbury, 33 Mo. 150.] That is to say, he is entitled to the profit of his deal. And, in an action on a warranty of the quality of the article sold, the measure of damages is not limited by the price paid, but is the difference between what the article was worth in its actual condition when delivered to the buyer, and what it would have been worth if of the quality and condition warranted. [Walls v. Gates, 4 Mo. App. 1.] These rules apply in actions for breach of warranty; but an aggrieved buyer, if he likes, may rescind the sale and sue for the price instead of suing on the warranty. [Wilkinson v. Ferree, 24 Pa. St. 190; Kimball v. Cunningham, 4 Mass. 502.] When the grievance alleged is, as in the present case, neither failure to deliver the article nor defective quality, but failure of title to an article sold and delivered, the rule of damages commonly, but not universally announced is, that the buyer may recover the purchase money; thus likening an action on a warranty of title to a chattel to one on a warranty of title to land. And some courts explicitly say the same measure obtains whether the thing sold was realty or personalty. [Crittenden v. Posey, 1 Head (Tenn.) 311.] And if several articles are sold, to part of which no title passes, a proportionate part of the purchase money is recoverable. [Moosehead v. Davis, 92 Ind. 303; Ware v. Weathnall Excr., 2 McCord (S. C.) 413.] The opinions in controversies of this sort frequently use the words "value" and "price" as equivalent terms, as the issues present no reason to discrimi-

Shultis v. Rice.

nate them. Some of the decisions are consistent with the theory that the purpose of the rule is to allow a buyer, who loses title, to recover the price paid, even if the true value of the chattel was less; and not to preclude him from recovering more, no matter how great a loss he sustained by the breach of the seller's warranty. Usually the buyer is content to get back the money paid, and the contention urged is that he should recover only the value, it being less than the price. In such cases the rule that the measure of recovery is the purchase money, might be looked on as a statement of the minimum damages the vendee should recover, instead of the maximum the vendor should pay. Some opinions suggest this view. In Wilkinson v. Feree, 24 Pa. St. 190, the court said that if a vendor sold an article to which he had no title, he could not say, when sued for the purchase money, that the price paid was too large and he was entitled to keep the excess; but that the buyer might recover his money without proof either of fraud or an express warranty. A standard treatise on the law of damages states the measure of damages for breach of the warranty of title to a chattel to be, the value of the chattel at the time of the purchase, with interest and the necessary cost of defending a suit brought by the true owner to recover the article; but that the vendee may disaffirm the contract and recover any consideration paid, though greater than the value of the property. [2 Sedgwick, Damages (8 Ed.), 492.] In that treatise the rule announced in Armstrong v. Percy, supra, that the extent of the vendee's recovery is the price paid, was criticised as not in harmony with the previous New York case of Blasdale v. Babcock, 1 Johns. 517, in which it was held the true measure of recovery was the value of the article sold. The author further says there is no reason why the same rule should not apply where there is a breach of the warranty of title which applies to the breach of warranty of soundness. In Armstrong v. Percy, the only point decided was that error had been committed in permitting

the vendee to recover the expense of defending a suit against the true owner of the property when he had failed to plead the expense as special damages, as he should have done.   In Blasdale v. Babcock, the value of the article sold was said to be the amount recoverable by the vendee on failure of title in an action on the implied warranty; and the vendee having been mulcted by the true owner for the value of the property was allowed to recover against the vendor who had had notice of the suit.   It is questionable if in that case the word "value" was used as distinguished from "price," there being no contention that the price paid should limit the recovery. In another treatise the author says it would appear reasonable that the measure of damages on failure of title should be at least the value of the article; but that this is not always so even in jurisdictions where the value is recoverable on failure to deliver the property; that, on the contrary, the general rule of damages on failure of title is the price paid and interest.   [Field, Damages, sec. 301.]   A similar comment is made on the rule as similarly stated in 3 Sutherland, Damages (3 Ed.), sec. 669.  In Johnson v. Meyers' Excr., 34 Mo. 255, an action on an implied warranty of title to a slave sold by the decedent to plaintiff and which had been replevied from plaintiff by the true owner, it was held the value of the slave at the date of the sale was the amount recoverable.   But there was no question made that the recovery should be less or more than the price paid; and, hence, the decision is a dubious authority on the point in hand. In other Missouri cases the price has been declared the measure of damages.   [Dryden v. Kellog, 2 Mo. App. 87.]   In Brown v. Woods, 3 Oregon, 182, a recovery for value, instead of price, was allowed on the ground of fraud practiced by the defendant; an element lacking in the case at bar.

In the following cases it was directly decided that the measure of damages on failure of title to personal property in an action on a warranty of title, was the pur-

chase money and interest, and not the value of the property at the time of purchase or at the time it was taken from the purchaser: Ware v. Weathnall, 2 McCord (S. C.) 413; Noel v. Wheatley, 30 Miss. 181; Wood's Admr. v. Wood's Devisees, 1 Metcalf (Ky.) 512; Ellis v. Gosney's Heirs, 7 J. J. Marsh, 109; Arthur v. Moss, 1 Oregon, 193; Crittenden v. Posey, 1 Head (Tenn.) 311; Goss v. Dysant, 31 Texas 186. Some of those decisions speak of the rule as one usually applicable, but not necessarily and in all circumstances. In approving the rule some courts argue that to fix the measure of damages at the value of the chattel, either when sold or when taken from the vendee, would open the door for uncertain estimates of the loss and, perhaps, lead to excessive judgments against vendors; whereas, if the recovery is limited to the purchase price and interest, the rule is certain and no chance for fraud exists. The theory is that the buyer may, by expert evidence, exaggerate the value of the article sold and thus obtain damages beyond the loss suffered. But this cannot be true when there has been a judgment against him in favor of the true owner of the chattel for its value. In Hoffman v. Chamberlain, 40 N. J. Eq. 663, there is a thoughtful opinion and a review of the authorities on the subject. Several articles of personal property had been sold by the defendant in that case to the plaintiff and the title to some of the articles failed. It was ruled that the measure of damages was the difference between the value of the entire lot and the value of the remaining portion after deducting those articles to which the title failed. The same rule was declared in Grose v. Hennessey, 13 Allen 389, and Rowland v. Shelton, 25 Ala. 217. In view of the conflict in the decisions, we may say, as Lord Campbell once did, that the law on this point is in an unsatisfactory state. [Simes v. Marryat, 17 Q. B. 290.]

The plaintiff Shultis was compelled to answer to Rush for the value of the shelving and stepladder in an

action of which Rice had notice, and in which he maintained Shultis' claim of title based on a purchase from him. Therefore we know the plaintiff lost the value of the property as assessed by the jury in the Iowa case, and that the loss was the result of the breach of defendant's implied warranty. Under those circumstances we think the plaintiff was entitled to recover the value, not exceeding the amount he was compelled to pay Rush. In a case of identical facts the law was so declared. [Blasdale v. Babcock, supra.] Any less recovery would wholly fail to compensate plaintiff for the injury he sustained as the proximate result of defendant's default.

The judgment is affirmed. All concur.