GEORGE W. QUICK, Plaintiff in Error, v. M. D. WALKER, Administrator, Defendant in Error.

Kansas City Court of Appeals, May 6, 1907.

1. **COVENANTS FOR TITLE: Running With the Land: Inurement.** The covenants of seizin and warranty run with the land and inure to the benefit of the owner who is injured by the failure of title.

2. ———: **Seizin and Warranty: Measure of Damages.** The covenantee on the failure of the title is entitled to recover the amount of his actual loss in responding to the legal demand of the paramount title, provided such amount does not exceed the consideration received by the covenantor, but must not exceed the purchase price of the land with interest during the period the covenantee has been compelled to account to his evictor for mesne profits.

3. ———: ———: ———: **Expenses: Notice.** And where the covenantee upon being sued gives notice to his covenantor of the pendency of the suit, and the covenantor fails to appear and defend and the former is compelled to conduct the defense himself on his eviction, he will have the right to recover court costs and reasonable attorney's fees.

4. ———: ———: ———: ———: ———. But where it is impossible for the covenantee to find the covenantor or his representative as in the case of the covenantor's death without administration, the notice is not required and the covenantee may still recover his expenses.

Error to Holt Circuit Court.—*Hon. William C. Ellison*, Judge.

REVERSED AND REMANDED.

*Sam O'Fallon* and *H. S. Kelley* for plaintiff in error.

(1) The deeds all contain an assignment of the covenants, but whether they do or not, the covenants attach to and pass with the land, so that the present owner or party on whom the loss falls, though a purchaser at sheriff's sale, may sue upon the covenants.

Dickson v. Desire, 23 Mo. 151; Charles v. Smith, 23 Mo. 174. So may one holding under a quitclaim deed. 10 Mo. 203; 119 Mo. 280; 79 Mo. App. 248. When a grantor covenants that he is seized of an indefeasible estate, it is a future covenant and runs with the land. Tiedeman, p. 850; Kellogg v. Malin, 50 Mo. 491; Allen v. Kennedy, 91 Mo. 324; Lambert v. Estes, 99 Mo. 188; Loring v. Groomer, 142 Mo. 1; Lawless v. Colliers, 19 Mo. 480; Maguire v. Riggan, 44 Mo. 512; Jones v. Whitset, 79 Mo. 188; Dickson v. Desire, 23 Mo. 151, 174; Van Court v. Moore, 26 Mo. 98. (2) In general, for breach of covenants of warranty, the measure of damages is the purchase money with interest, but where the covenantee has possession he can recover no interest for any period prior to his eviction without proof that he has responded to his evictor for mesne profits, and then only for such period as he shall have so responded. Pence v. Gabbert, 70 Mo. App. 201; Hutchins v. Roundtree, 77 Mo. 500. (3) Where suit is brought, covenantee is entitled to recover from covenantor, expenses, costs and attorney fees incurred in defending the title. Hazlett v. Woodruff, 150 Mo. 534; Coleman v. Clark, 80 Mo. App. 339; Whiteside v. Magruder, 75 Mo. App. 366; Matheny v. Steward, 108 Mo. 73. (4) This contention is conceded by the other side, provided notice has been given to the covenantor to defend the suit. (5) But when the circumstances are such that notice could not be given, the requirement of notice is dispensed with. The law never requires an impossibility. The covenantor in this case was dead when the action to recover the land was brought by his heirs. There was no breach that would give substantial damages until the death of the covenantor and the recovery of the land. (6) The heirs of Daniel Hahn were not liable upon their father's covenants unless they received an estate from him, and then only to the extent of the value of the property received from the estate, and before such lia-

bility could be enforced an administrator had to be. appointed and the demand established against the estate. McAllister v. Williams, 23 Mo. App. 286; 79 Mo. 664.

*T. C. Dungan* and *Frank Petree,* for defendant in error, filed no brief.

JOHNSON, J.—Action to recover damages for breach of covenants of seizin and warranty in a deed to real estate. The cause was tried by the court without the aid of a jury and plaintiff recovered judgment in the sum of $333.45, but being dissatisfied with the amount thereof, brought the case here by writ of error.

In 1854, Daniel Hahn, the owner of seventy acres of land in Holt county, Missouri, conveyed an undivided half interest therein to his wife, Nancy Hahn. In 1866, Mrs. Hahn died intestate leaving children who were the fruit of her marriage with Daniel. In the following year, Mr. Hahn conveyed the land by warranty deed to Joseph Coleman for the consideration of four hundred and fifty dollars and Coleman entered into possession. Plaintiff by mesne conveyances acquired the Coleman title and was in possession of the land at the time of the death of Daniel Hahn which occurred on November 7, 1897. Within a few weeks after this event, the children of Daniel and Nancy Hahn brought suit in ejectment against plaintiff to recover the undivided half interest of which their mother died seized. Plaintiff contested that action, was successful in the circuit court but lost in the Supreme Court where the cause was taken on appeal (Miller v. Quick, 158 Mo. 495), and finally was compelled to surrender one-half of the land to the plaintiffs therein. The object of the present suit is to recover from the estate of Daniel Hahn the loss incurred by plaintiff as the result of the breach of

covenants in the deed from Hahn to Coleman.   The evidence of plaintiff tends to show a total loss of about one thousand six hundred dollars made up of these items:

|  |  |
|---|---|
| Value of the land at the time of eviction, | $ 1,200.00 |
| Costs of ejectment suit, | 78.00 |
| Attorney's fees paid for the defense of that action, | 300.00 |
| Time lost by plaintiff, | 25.00 |

Daniel Hahn died intestate and no administrator of his estate was appointed until immediately before the present suit was instituted which was on the third day of January, 1903.   Sometime after the death of Nancy, Daniel remarried, and issue of this last marriage survived him.   The damages for which judgment was given consist of an amount equal to one-half of the consideration paid by Coleman to Hahn and interest thereon from the date of Hahn's death, but do not include anything on account of the items of costs, attorney's fees and loss of time.   There are other facts in the case, but their statement here is not essential to a determination of the questions presented.

Plaintiff, in proper time and manner, endeavored to have these expenses awarded him, and argues that as their inclusion in the judgment would have left the amount of his recovery below that of the actual loss sustained on account of the breach, it was error for the court not to include them.   We have not been favored with a brief by counsel for respondent, but from the argument of plaintiff, infer that the items in question were rejected because of the failure of plaintiff, after the action in ejectment was brought against him, to serve notice thereof on the legal representatives of Daniel Hahn, the covenantor in the deed to Coleman.

The covenants of seizin and warranty in the Coleman deed ran with the land and inured to the benefit

of plaintiff, the owner, by mesne conveyances of the title conveyed in that deed. [Dickson v. Desire, 23 Mo. 151; Chambers, Adm'r, v. Smith, 23 Mo. 174; Kellogg v. Malin, 50 Mo. 496; Allen v. Kennedy, 91 Mo. 324; Lambert v. Estes, 99 Mo. 604; Loring v. Groomer, 142 Mo. 1; Tiedeman on Real Property, 850.]

Plaintiff evicted under the paramount title may maintain this action and, aside from the question of the expenses incurred by him in defending the ejectment suit brought by the owners of the paramount title, the rule controlling the measure of his recovery is this: He is entitled to recover the amount of his actual loss in responding to the legal demand of the paramount title provided such amount does not exceed the consideration received by the covenantor for the land. In the latter event, the amount of the recovery must not exceed the purchase price of the land with interest thereon during the period of time for which he has been compelled to account to his evictor for mesne profits. [Pence v. Gabbert, 70 Mo. App. 201; Hutchins v. Roundtree, 77 Mo. 500; Matheny v. Steward, 108 Mo. 73; Dickson v. Desire, *supra.*] As plaintiff was compelled to respond to the heirs of Nancy Hahn for their interest in the rental value of the land from the date of the death of Mr. Hahn, and the value of the undivided half interest in the land greatly exceeded one-half of the amount of the consideration received by Hahn from the sale to Coleman, the learned trial judge followed the law in assessing as damages an amount equal to one-half of the purchase money received by Hahn, together with interest thereon from the date of his death.

This brings us to the question of plaintiff's right to recover costs, expenses and attorney's fees paid by him in defending the ejectment suit. It is well settled in this State that where a defendant in an ejectment suit gives his covenantor proper and timely notice of the institution of the action and on account of the

failure of the covenantor to act on the notice, is com-
pelled to employ counsel to conduct the defense, his
eviction as a final result of the suit, will give him the
right to recover from his covenantor, as a part of his
damages, the court costs and reasonable attorney's fees
paid by him in defending his title, provided, of course,
that the defense be made in good faith. [Hazelett v.
Woodruff, 150 Mo. 534; Coleman v. Clark, 80 Mo. App.
339; Whiteside v. Magruder, 75 Mo. App. 366; Matheny.
v. Steward, supra.]

In the present case, no notice was given by plain-
tiff. Had one been given, it would have been the duty
of the person bound by the covenant to defend the cov-
enantee's title, and his neglect or refusal so to do would
have given plaintiff the right to perform that duty for
him, and to recover in this action the reasonable ex-
penses including counsel fees incurred by him in doing
that which his warrantor in law was bound to do. But
the best considered cases hold that where the covenantee
fails to notify his covenantor, and voluntarily under-
takes to defend his title, his failure to give the notice,
though not depriving him of the right to recover the dam-
ages which actually and necessarily flow from the
breach of covenant, will prevent him from recovering
special damages such as attorney's fees and expenses
laid out in defending his title. [Chestnut v. Tyson, 105
Ala. 149; Yokum v. Thomas, 15 Ia. 67; Mercantile
Trust Co. v. South Park Residence Co., 94 Ky. 271;
Crisfield v. Storr, 36 Md. 129; Winnipiseogee Paper
Co. v. Marsh, 64 N. H. 531; Finton v. Egelston, 61 Hun
(N. Y.) 246; Fulweiler v. Baugher, 15 S. & R. (Pa.) 55;
Harding v. Larkin, 41 Ill. 413.] As was well said in
Crisfield v. Storr, supra, "Had notice been given to the
appellants they might have thought proper to defend
the suit and employ their own counsel, or they might
have come to the conclusion that the title of the plain-
tiff in the ejectment suit could not be successfully re-

sisted and they might, therefore, have determined not to incur useless expense in making a defense and preferred to perform their covenant by paying to the appellees the amount of damages to which they might be entitled."

But the rule requiring the giving of the notice as a condition prerequisite to the recovery of special damages is not without its exceptions. The object of the notice is to give the covenantor a fair opportunity to defend the title he has warranted to the end that he may defeat an unjust claim of superior title, or, if confronted with a title paramount to the one he conveyed, reduce his loss to a minimum, but where the convenantor or those bound by his covenant cannot be reached by notice, and expenses must be incurred in defending the title before notice can be served on the one bound in law to defend it, there is no reason in law or good conscience for withholding from the covenantee the right to reimbursement for the reasonable expenses he thus is compelled to incur without any fault or neglect on his part. It has been held (Fulweiler v. Baugher, supra) that where the warrantor has left the State and expenses must be incurred before he can be found and notice served, such expenses may be recovered in the action of the covenantee for breach of warranty. We entertain the conclusion that in all cases where it is impossible by the exercise of reasonable care and diligence for the covenantee to notify the covenantor, he cannot be said to have voluntarily assumed the performance of another's duty, and the expenses he is compelled to incur in defending his title should be treated as a part of the damages necessarily resulting from the breach of warranty. In the present case, plaintiff was called on to defend the ejectment suit at a time when there was no one in existence who was legally bound by the covenant of Daniel Hahn. The covenantor had died intestate, no administrator of his estate had been appointed, and plaintiff had no authority to apply for the issuance of

letters. At that time, the heirs of the covenantor were not bound by his covenant since it does not appear they had become the distributees of any part of the estate. The only person to whom plaintiff could have given notice was the administrator and as none had been appointed, there was no person in being to whom notice could be given. In a situation such as this, it would be harsh, indeed, to punish plaintiff (for that is what it would amount to) for failing to do an impossible thing.

These views lead to the conclusion that the learned trial judge erred in refusing to include in the judgment the amount actually and reasonably laid out by plaintiff in defending the ejectment suit, including therein court costs, attorney's fees and compensation for loss of time.

The judgment is reversed and the cause remanded. All concur.