E. B. HARTWELL, Respondent, v. E. A. BECKER, Appellant.

Kansas City Court of Appeals, June 13, 1914.

1. **CONTRACTS: Partnership.** A contract whereby one employs another as superintendent of a plant and agrees to pay as compensation one-half of the profits, if any, of the business of the plant does not create a partnership. It is merely a contract for the services of another and providing that the profits shall measure the compensation to be paid. Mere participation in profits does not constitute a partnership; it is a question of intention to be determined by the triers of the facts from the circumstances. But where the contract is in writing and the intention is clearly expressed it is a question of law for the court.

2. **PRACTICE: Referee: Exceptions to Referee's Report.** Where the exceptions to the referee's report complain of alleged arbitrary conduct on the part of the referee and evidence is offered to show such conduct, it is error to overrule the exceptions without hearing the evidence in support of the charges.

3. ————: ————: **Defects in Record of Appointment.** Although certain formalities required by the statute in the appointment of a referee are not shown, yet where the parties without objection appear before the referee and submit the matter to him it is too late on appeal to complain of such omissions and defects.

4. **PLEADING: Petition: Erroneous Prayer.** Although a petition proceeds upon the theory of a partnership existing between the parties and prays for an accounting, yet, when it contains sufficient allegations to support the cause of action created by the contract sued on, the case will not be reversed outright upon a holding that no partnership was created, but will be remanded for a trial upon the proper theory. The prayer, while erroneous, is no part of the petition.

5. **APPELLATE PRACTICE: Defects in Record.** Under rule 26 many things which prior to that time were fatal defects can no longer be considered so. And where it is claimed that there is a variance between the facts alleged in the printed abstract and the record as actually made, a reference to the certificate of the clerk filed in this court will not prove the variance alleged by respondent when the certificate is silent upon the matter in controversy and the matter is such that the clerk is not required by the statute to certify to it.

Appeal from Miller Circuit Court.—*Hon. J. G. Slate,*
Judge.

REVERSED AND REMANDED.

*Pope & Lohman* for appellant.

(1) The referee's report is not such as the law
requires. R. S. Mo. 1909, Secs. 2001, 2002, 2010, 2011;
Boyce on Referees and Arbitrators, Ch. IX, p. 84; Vogt
v. Builer, 105 Mo. 479; Walton v. Walton, 17 Mo. 376;
Edwardson v. Garnhart, 56 Mo. 81; Pullis v. Somer-
ville, 218 Mo. 621; Bissels Exrs. v. Warde, 129 Mo. 439.
(2) The conclusions reached by the referee appear to
be wrong on their face, and the court should correct
the same. Link v. Hathway, 143 Mo. App. 502; Ful-
lerton Lumber Co. v. Massard, 144 Mo. App. 61; Smith
v. Paris, 70 Mo. 615.

*John B. Smith* and *Irwin & Peters* for respondent.

The contract entered into between plaintiff and
defendant constituted a partnership in the profits of
the business and plaintiff was therefore entitled to an
accounting. Storey on Partnership (7 Ed.), Sec. 27;
Parsons on Partnership, p. 58; Mackie v. Mott, 146 Mo.
254; Plummer v. Trost, 81 Mo. 430; Lengle v. Smith,
48 Mo. 276.

TRIMBLE, J.—On the theory that a partnership
existed between plaintiff and defendant, the former
brought what he terms a suit in equity to obtain a
settlement of the partnership accounts. The court
treated it as such and referred the case. The referee
heard testimony and reported in favor of plaintiff in
the sum of $780.33. Exceptions to the report were
filed by defendant and overruled, and judgment was
rendered for plaintiff in that sum. Defendant has ap-
pealed.

The petition alleged and set forth a written con-
tract. The answer admitted the execution of the con-
tract but denied every other allegation.

The contract was dated January 25, 1911, and sets forth that Becker, being the owner and manager of a plant and stock for the manufacture and sale of handles and wagon material at Eldon, Missouri, *"hereby agrees to employ* said party of the second part *as superintendent* of said plant from this date to the first day of January, 1912, and *as full compensation for his services* he agrees to pay the said party of the second part one-half of the profits made in said business during the time of his services." The contract further provided that Becker reserved the right *"to discharge* said party of the second part" if the plant should be destroyed, the business should decline and fail to make operating expenses, or if first party should die, fail to have funds to operate the plant, or should become disabled or if he should decide to incorporate. And if any of those things should happen then an inventory should be taken "and the profits, if any, up to the time of such discontinuance shall be divided equally between the parties." The contract closed with an agreement on the part of plaintiff to perform the services and devote his whole time to such employment.

Clearly this contract did not create a partnership even as between the parties themselves. It was nothing more nor less than a contract for the services of plaintiff as superintendent from January 25, 1911, until January 1, 1912, in return for which he was to receive as compensation for his services one-half of the profits, if any, made during the time of such services, with the right in defendant to terminate the service on the happening of the specified contingencies. "It is well settled that a contract to share profits between parties does not necessarily create a partnership as between themselves. It is often merely a mode of ascertaining the compensation of an agent for his services." [Ellsworth v. Pomeroy, 26 Ind. 158; Hughes v. Ewing, 162 Mo. 261.] Mere participation in profits

does not constitute a partnership; it is a question of intention on the part of the alleged partners to be determined by the triers of the fact from the circumstances. [McDonald v. Matney, 82 Mo. 358; Thompson v. Holden, 117 Mo. 118; 30 Cyc. 360.] And that intention is to be determined by the nature and effect of the whole contract. [Torbert v. Jeffrey, 161 Mo. 645; National Surety Co. v. Townsend Brick Co., 170 Ill. 176.] In this case the written contract shows as a matter of law that it was not a partnership but a mere employment of plaintiff with his compensation to be measured by the net profits of the business. And if this were not true there is nothing in the evidence showing the contrary.

The report of the referee, however, shows on its face that he treated it as a partnership though there was no full and complete disposition of all partnership matters, debts, etc., as there should have been had a partnership existed.

The referee also treated the alleged partnership arrangement between them as having been terminated by mutual agreement, whereas plaintiff's own evidence shows that on September 14, 1911, plaintiff quit without being discharged, and against defendant's will, and leaving on hand a large amount of unfinished product not ready for market, but which, so far as can be ascertained from the referee's report, is included in the profits found to have been made by the business during the continuance of plaintiff's services. Plaintiff says that the reason he quit he was afraid defendant was going to close the plant as he had a right to do under the contract, and plaintiff having an opportunity to obtain other employment, quit working for defendant. The right to terminate the contract at any time was perhaps mutual, and if so, then there was no forfeiture of the compensation due for the time plaintiff worked. Defendant claimed no damages by reason of plaintiff's ceasing to work. But

Hartwell v. Becker.

without regard to this, plaintiff's compensation ought not to be figured on a theory which will include anything done after the contract was terminated.

Defendant, in his exceptions to the report of the referee, complained of certain alleged arbitrary conduct on the part of the referee prejudicial to defendant's right to a full and impartial hearing; and the court overruled defendant's exceptions without permitting defendant to offer evidence showing that such things did occur before the referee. This action of the court was excepted to. It is a matter of grave doubt whether the bill of exceptions shows that defendant offered to submit evidence in support of the charge. If this appears, it does so rather inferentially and not as clearly as it might. If this were the only error in the case we would be inclined to rule that defendant has not affirmatively shown an offer of such evidence. As the case will have to be remanded for the other errors committed, we call attention to the matter, however, so that it may be avoided should such a situation arise again.

While plaintiff has proceeded upon the theory that the case is one in equity for an accounting between partners, and the prayer of his petition is solely for an accounting and settlement of a partnership, yet it contains sufficient allegations to support an action on the contract for the services rendered defendant thereunder. The prayer of the petition is no part thereof. And while the report of the referee and the judgment rendered thereon, as a settlement of a partnership, are not authorized by the contract, the pleadings or the evidence, yet this does not require the case to be reversed outright. There being sufficient data in the petition to support a proper suit on the cause of action contained in the contract, the case should be reversed and remanded. Plaintiff can then amend so as to clearly put his cause of action on the proper basis.

Hartwell v. Becker.

We agree with defendant that the record lacks many things in reference to the report of the referee which it should show. But the record shows that both parties consented to the appointment of a referee, appeared before him without objection to the absence of a record showing the matters complained of, and of course, it is now too late to raise such defects.

The case may very likely be one proper to be referred since it requires the examination of a long account. [Sec. 1996, R. S. Mo. 1909.] If it is referred, the procedure marked out by the statute should be followed. It may be well to remark that defendant is not entitled to deduct from the profits the expense of erecting the plant after the fire and just before the commencement of the contract. It clearly did not contemplate that the creation of the plant should come out of the profits before plaintiff should receive any pay. Profits are what the business makes after the plant is set in operation. On the other hand, the expenses of ordinary upkeep and repair during the carrying on of the business should be taken out of the gross income in order to determine the net profits, if any. It is impossible for us to lay down a rule of direction as to every item offered in evidence. It ought not to be difficult to determine what should be considered in order to ascertain what were the profits if there were any.

Plaintiff filed a motion to affirm the judgment because of defects in defendant's abstract. We have carefully gone over the errors specified in the motion. While the abstract is somewhat inartificial, yet it is not open to the objections raised. Most of respondent's objections to the sufficiency of appellant's record would be good were it not for our rule 26 adopted January 6, 1913. Respondent does not maintain the burden placed on him by the last paragraph of said rule, by referring to the certificate of the clerk on file in this court, where the matter complained of in the printed abstract is

not required by the statute to be in that certificate. The motion to dismiss is overruled.

The judgment is reversed and the cause remanded in order that plaintiff may proceed in accordance herewith if he so desires. All concur.