W. H. ROARK, Respondent, v. TOM PULLAM, Appellant.

Springfield Court of Appeals, March 25, 1921.

1. PARTNERSHIP: Is Matter of Contract in Construing which Intent Controls. Except where parties may be held liable to third persons as partners because estopped by their conduct to deny a partnership, its existence is a matter of contract, and the intent of the parties controls in interpretation of the contract.

2. ———: Testimony that Parties were Buying Cattle Together of no Probative Force. Testimony that plaintiff and another were engaged in the business of buying cattle together had no probative force,

standing alone, on the question of the existence of a partnership, though in connection with other facts and circumstances it might have some value.

3. **EVIDENCE: Statement that Witness and another were Partners is a Conclusion.** Testimony by plaintiff on a former trial, that he and a third party engaged in buying cattle together were partners, was a mere conclusion and not evidence of a contract of partnership.

4. **PARTNERSHIP: Sharing in Profits as Compensation for Services does not Create.** One buying cattle for another, who was to receive a part of the profits as compensation for his services, was not a partner of the other party.

5. **SALES: Warranty of Title Implied when Fair Price Paid.** When personal property is sold at a fair price, a warranty of title is implied, and an express warranty need not be shown.

6. ———: **Costs of Defending Title are Recoverable for Breach of Warranty.** Costs accruing in defending the title to personal property are legitimate elements of damage in a suit for breach of warranty of the title.

7. ———: **Notice to Warrantor not Essential to Recovery of Costs in Defending Title.** A purchaser of personal property with warranty of title is not deprived of his right to recover costs incurred in defending the title against the claim of a third party by failure to give notice to the warrantor, where he acts in good faith and upon reasonable grounds.

8. ———: **Interest Recoverable on Costs of Defending Warranted Title when Warrantor Refused to Pay.** Where a seller, warranting a title to personal property, refused to pay the costs of the buyer's unsuccessful defense of the title, interest on such costs were recoverable by the buyer.

Appeal from Pemiscot Circuit Court.—*Hon. Sterling H. McCarty*, Judge.

AFFIRMED.

*Ward & Reeves* for appellant.

(1) If the contract proved is not the one pleaded, then there is a fatal variance and plaintiff cannot recover. Barber v. Improvement Co., 131 Mo. App. 717;

Laclede Construction Co. v. Tudor Iron Works, 169 Mo. 137. (2) The instruction clearly went beyond the allegations in the statement of plaintiff's cause of action, which is error. The instructions must be within both the pleadings and evidence. State ex rel. v. Ellison, 270 Mo. 645; State ex rel. v. Ellison, 176 S. W. 11; Degonia v. Railroad, 124 Mo. 589; Mansur v. Botts, 80 Mo. 658; Bank v. Murdock, 62 Mo. 70; Hufft v. Railroad, 222 Mo. 286. (3) This submitted a mere conclusion and not a statement of facts to be found by the jury. The instruction is not the law because it did not require a finding by the jury that the defendant was notified to defend the replevin suit. Shultis v. Rice, 114 Mo. App. 274.

*J. E. Duncan* for respondent.

, (1) Whether there is a partnership is a question of law, therefore the statement by the witness and appellant that he and Crice were partners was not for the jury and from this statement the jury would not have been warranted in finding that a partnership existed. Hughes v. Ewing, 162 Mo. 295. (2) The interest in the profits must be mutual; each partner must have an interest in the profits as a principal trader. Campbell v. Dent, 54 Mo. 325; Hughes v. Ewing, 162 Mo. 295; Gill v. Ferris, 82 Mo. 167. (3) If a vendor is in possession of personal property and sells for full value a warranty is implied. Robinson v. Rice, 20 Mo. 229; Hickman v. Dill, 39 Mo. App. 246; Thompson v. Irwin, 42 Mo. App. 403; Ranney v. Meisenheimer, 61 Mo. App. 434; Shultis v. Rice, 114 Mo. App. 274. (4) As the appellant had notice of the replevin suit of J. N. Maxwell v. Ed. Crice, J. W. Manning and Roark, respondent, respondent was entitled to recover the amount of the costs paid by him to the sheriff under the execution for costs in said cause. 35 Cyc. 480; Shultis v. Rice, 114 Mo. App. 274; Johnson v. Meyers, Exec'r, 34 Mo. 255,

COX, P. J.—Action for damages for breach of warranty in sale of a bull plaintiff purchased from defendant. The price paid was 6 cents per lb. which was a fair market value of the animal at the time. After plaintiff had taken possession and paid for the animal and had it loaded in a car to ship to market, a replevin suit was brought before a justice of the peace by J. N. Maxwell against plaintiff, Ed. Rice, J. W. Manning and St. Louis & San Francisco Ry. Co., claiming that he, Maxwell, was the owner of the bull. This trial resulted in a judgment in Maxwell's favor. An appeal was taken and upon trial in the circuit court Maxwell was again successful. That ended the litigation in that case. Execution was then issued upon the judgment for costs and the sum of $173.65 collected from plaintiff under the execution. Defendant Pullam repaid plaintiff the purchase price of the animal but refused to pay the costs of the replevin suit. Plaintiff then brought suit against defendant before a justice of the peace to recover the amount he had been forced to pay as costs in the replevin suit and interest. On the trial in the justice court, judgment went for defendant and plaintiff appealed to the circuit court where he obtained judgment for $184.06 and defendant has appealed to this court.

There was no evidence that defendant in selling the bull to plaintiff made any specific warranty. The evidence does show that plaintiff paid a fair price for the bull and he bases his right of action on the implied warranty which the receipt of a fair price carries with it.

When the replevin suit was brought against plaintiff, et al, by Maxwell, plaintiff did not give Pullam written notice and request him to defend the title to the bull. Pullman, however, knew of that suit and employed counsel to defend it in the justice court.

The appellant insists that the evidence shows that a partnership existed between plaintiff and Rice and that the bull was purchased for the partnership and that if any cause of action existed as against this defendant, it

was in favor of the partnership and that plaintiff not having secured any assignment from the partnership of that claim, he cannot recover in this action.

The only evidence touching the question of a partnership between plaintiff and Rice consisted of testimony that they were engaged together in the business of buying cattle. That plaintiff had stated in his testimony before the justice that he and Rice were partners. Plaintiff testified in this case in the circuit court on cross-examination as follows:

"Q. Were you and him (meaning Rice) partners at that time? A. Well, I furnished the money and he done the buying.

"Q. Did not you swear before Justice Burrus in the other case that you and he were partners? A. I do not know whether we were or not. He worked on a per cent."

Except where parties may be held liable to third persons as partners by reason of their conduct by which they are estopped to deny a partnership, the matter of a partnership between two or more persons is a matter of contract between them and the intent of the parties is the guiding star in the interpretation of the contract which it may be contended creates the relation of partners. This question has been so thoroughly discussed in a recent case in this court in an opinion by Judge BRADLEY that we do not deem it necessary to further continue the discussion here. [See Fuel Co. v. Brady, 202 Mo. App. 551, 208 S. W. 151.]

We do not think the evidence in this case sufficient to take to the jury the question of the existence of a partnership between plantiff and Rice. The testimony that they were engaged in the business of buying cattle together shows only a circumstance that might be of some value in connection with other facts and circumstances but standing alone is of no probative force. The statement, if made by plaintiff in a former trial, that he and Rice were partners, was a mere conclusion and was no evidence that a contract existed between plain-

tiff and Rice by which they were made partners. [Ellis v. Brand, 176 Mo. App. 383, 390, 158 S. W. 705.]

The only remaining testimony on the question was the testimony of plaintiff in this case that he furnished the money and that Rice worked on a per cent. This could mean nothing more than that Rice did the buying and was to receive a part of the profits as compensation for his services. This did not make him a partner. [Fuel Co. v. Brady, 202 Mo. App. 551, 208 S. W. 151; Hartwell v. Becker, 181 Mo. App. 408, 168 S. W. 837; Skinner v. Whitlow, 184 Mo. App. 229, 167 S. W. 463; Torbitt v. Jeffrey, 161 Mo. 645, 61 S. W. 823.]

In the latter case, it is said, page 655, that "participation in the profits of a business raises a presumption of the existence of a partnership. This presumption is not conclusive but if not rebutted, is sufficient to establish a partnership. . . . When one party contributes capital and the other labor, skill or experience for carrying on a joint enterprise, such combination constitutes a partnership unless something appears to indicate the absence of a joint ownership in the business and profits. . . . Such absence of joint ownership is indicated when from the whole contract it appears that the party contributing his services is to receive a share of the profits merely as compensation for his services."

The same evidence which shows that Rice was to receive a part of the profits also shows that he received it only as compensation for his services in doing the buying and that rebutted the presumption of the existence of a partnership, so there was, in fact, no evidence of a partnership between plaintiff and Rice in this case.

Error in instructions given is alleged. It is contended that they are conflicting and otherwise erroneous but in view of our holding that there was no evidence of a partnership between plaintiff and Rice, these errors in the instructions given could not have misled the jury to the injury of defendant and we deem it unnecessary to discuss them in detail.

Instruction No. 3 asked by defendant and refused stated that before plaintiff could recover, he must show that at the time defendant sold the bull to plaintiff, he warranted the title to the animal. This was rightly refused. There was no evidence that the price paid was not the fair market value of the animal and when personal property is sold at a fair price, a warranty of title is implied and an express warranty need not be shown. [Robinson v. Rice, 20 Mo. 229; Ranney v. Meisenheimer, 61 Mo. App. 434; Shultis v. Rice, 114 Mo. App. 274, 89 S. W. 357.]

Instruction No. 4 asked by defendant and refused, stated that before plaintiff could recover for costs or expense in defending the title to the animal, he must have given written notice to defendant to defend plaintiff's title.

Costs that accrue in defending a title are legitimate elements of damage in a suit on breach of warranty of that title. [Coleman v. Clark, 80 Mo. App. 339; Johnson v. Meyers Execr's, 34 Mo. 255; Matheney v. Stewart, 108 Mo. 73, 17 S. W. 1014.]

It was stated by the Kansas City Court of Appeals in Quick v. Walker, 125 Mo. App. l. c. 262, 102 S. W. 33, that generally notice to the warrantor to defend was a prerequisite to recovery of attorney's fees and expenses laid out in defending the title. Courts costs are not specifically mentioned but we interpret the opinion to mean that without notice being given, attorney's fees, courts costs, and all other expenses in defending the title are to be excluded where the party failed to give the notice; but if the notice cannot be given, then such items may be included without notice. The writer of that opinion evidently overlooked the case of Matheny v. Stewart, 108 Mo. 73, 17 S. W. 1014, in which it is held that a party may, if he acts in good faith and upon reasonable grounds, defend the title even against the protest of the warrantor and in that case held the warrantor for the costs and reasonable expenses incurred in defending the title. The purchaser may prefer to hold the prop-

erty, if he can, and should be permitted to make a reasonable effort to do so and should not be deprived of his right to recover the costs incurred in that effort even though no notice had been given the warrantor. In this case, however, the defendant not only had notice of the suit but employed counsel to defend it in the justice court so the question of notice is not really involved in this case. There being no evidence that plaintiff did not act in good faith and upon reasonable grounds in trying to defend the title to the bull, he should be permitted to recover the costs which he was required to pay when the judgment went against him.

It is contended that the verdict is excessive in that the jury evidently allowed interest at six per cent on the amount of costs paid by plaintiff from the time of payment as they were authorized to do by Instruction 1 for plaintiff. Had defendant refused to repay the purchase price of the animal, plaintiff would have been entitled to recover interest on that from the time he paid it to defendant. [Shultis v. Rice, 114 Mo. App. l. c. 281-282, 89 S. W. 357.]

Since the same duty rested on defendant to pay the costs of the suit as rested upon him to repay the purchase price of the animal, the same result should follow the failure to perform that duty and we think the allowance of interest was proper.

Finding no reversible error, the judgment will be affirmed.

*Farrington* and *Bradley, JJ.,* concur.